**Wardell THOMAS, Movant, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 35273.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Feb. 13, 1974.

Rehearing Denied March 8, 1974.

Application to Transfer Denied
May 13, 1974.

---

Bryan, Cave, McPheeters & McRoberts, St. Louis, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Dan Summers, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., William M. Frain, Jr., Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Judge.

Appeal from denial of a Rule 27.26, V. A.M.R., motion.

Movant Wardell Thomas was charged, tried and convicted of assault with intent to kill with malice. On December 29, 1969 the trial court sentenced Thomas to 20 years imprisonment and denied his motion for a new trial. Through his attorney James Bell, Thomas filed notice of appeal. The appeal was never perfected and on October 14, 1970 the trial court received a mandate from the Supreme Court affirming the judgment for failure to timely file a transcript. On June 2, 1972 Thomas filed a motion to vacate judgment and sen-

tence under Rule 27.26. An evidentiary hearing was held October 20, 1972, the court finding appellant's contentions without merit and the motion was denied. Thomas appeals from this adverse ruling.

The sole question briefed on appeal by Thomas' appointed counsel is whether Thomas was denied effective assistance of counsel because his employed trial attorney, James Bell, failed to motion the trial court to appeal "in forma pauperis." This is a departure from the 27.26 motion in which Thomas declared he had paid to get a transcript and perfect the appeal but Mr. Bell forgot to do it. The motion says nothing about suing as a poor person. *Ex gratia* we will consider the motion amended to raise the issue of counsel's failure to move the trial court for an order allowing Thomas to sue as a poor person. Compare State v. Warren, 321 S.W.2d 705 [1] (Mo.1955).

At the evidentiary hearing Thomas testified he retained attorney James Bell and paid for the legal services; that Bell told him he would file an appeal but it was never perfected because Bell would not pay for a transcript. Thomas offered no testimony about his past financial condition.

The state offered the testimony of James Bell, who maintained that Thomas' appeal was not perfected solely because Thomas never paid to have the transcript prepared. Bell testified that on numerous occasions he told Thomas of the need for money to defray the cost of the transcript. Thomas' only response was that he would pay for the transcript when he "got himself together." Bell explained to Thomas that if he did not submit a transcript his appeal would be dismissed and he would end up doing 20 years. At no time did Thomas tell Bell that he did not have the money nor did he ever request Bell to appeal for him as a poor person.

The evidence or lack thereof adduced at the evidentiary hearing compels the conclusion that Thomas was not denied effective assistance of counsel. On the contrary, Thomas ignored counsel's assistance and admonition and the judgment is therefore affirmed.

SMITH, P. J., and McMILLIAN, J., concur.