STATE of Missouri,
Plaintiff–Respondent,

v.

Robert FLIEGER, Defendant–Appellant.

Robert FLIEGER, Movant–Defendant,

v.

STATE of Missouri,
Respondent–Respondent.

Nos. 53427, 55545.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 1, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 6, 1989.

Claude Hanks, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant was sentenced in accord with a jury verdict to serve life without probation or parole for murder first degree. The indictment charged defendant with a deliberate killing of Patricia Gradley, his neighbor, on March 18, 1985. It alleged he committed the murder by striking her numerous times with a blunt object. The medical examiner found fractures in both arms and a massive skull fracture caused by as many as seven blows. The state's theory was defendant was motivated by jealousy because the victim rejected him in favor of another, a married man. Defendant did not testify. The theory of the defense was an inability and failure of the state to prove a circumstantial evidence case because the evidence: (a) could not, and did not, place defendant at the location of the assault and killing at a time the deadly assault occurred; and, (b) suggested an equal possibility that someone else broke into the victim's home and committed the crime.

This consolidated appeal involves two direct challenges to the conviction. It also involves a Rule 29.15 motion asserting ineffective assistance of counsel. This assertion was also included in defendant's motion for new trial but developed in an evidentiary hearing on the motion. Trial counsel was replaced before the allowed time for a motion for new trial expired. New counsel, now appellate counsel, timely filed a motion for new trial which asserted: (a) insufficiency of evidence to convict in a circumstantial evidence case; (b) error in allowing defendant's son, age twenty, to testify his father abused him by threats

and beatings; and, (c) inadequacy of trial counsel.

The Rule 29.15 motion for post-conviction relief alleges seventeen "specific acts and failure to act" committed by trial counsel which denied defendant a "fair and impartial trial." The motion was presented to the same judge who presided during the trial. He held an evidentiary hearing and denied relief after fact findings and legal conclusions, which included details of trial evidence and evidence developed during the motion hearing. The motion court had the benefit of a transcript of the trial proceedings previously prepared for the direct appeal. The trial judge supported his findings on the motion by reference to the record.

The state had no direct evidence of guilt. From a point of view most favorable to the verdict we consider the circumstantial evidence available to the court and the jury to support the charge, including all reasonable inferences. This standard was written in *State v. Guinan*, 665 S.W.2d 325, 329 (Mo. banc), *cert. denied*, 469 U.S. 873, 105 S.Ct. 227, 83 L.Ed.2d 156 (1984). The facts and circumstances must be consistent with each other and with guilt, and inconsistent with every *reasonable* hypothesis of defendant's innocence. *State v. Rodden*, 728 S.W.2d 212, 213 (Mo. banc 1987).

■ Defendant claims the court erred in not granting a directed verdict of acquittal for failure of the state to prove the charge by substantial and sufficient evidence. This claim of preserved error is without merit. The following summary of the evidence presented in accord with the verdict meets the requirement of sufficiency.

During the mid-afternoon of March 18, 1985, Patricia Gradley was found dead in her apartment. The cause of death was crushing injuries to the skull from a number of blows. Defendant resided with his son in an apartment above the victim's apartment. In exchange for rent defendant had made repairs within the building, including a trap door entry from the basement into the victim's apartment. That doorway was broken open and provided the place of entry for the attack.

Patricia Gradley had on prior occasions rejected defendant's proposals of marriage. On the day prior to death, defendant's son overheard a telephone conversation between defendant and Patricia Gradley during which defendant threatened to kill her. The call was precipitated by actions of defendant in response to his belief that the victim was dating a married man.

Between 8:30 and 9:00 a.m. on March 18, 1985, Patricia Gradley took her son to his school and returned to her apartment. Between 9:15 and 9:30 a.m. a neighbor saw defendant leave the apartment building carrying clothing on hangers and what appeared to be a long object wrapped in newspaper. He placed these objects in the trunk of his car and left. The neighbor who observed these acts also saw defendant drive by the apartment building several times through the day. He did not stop.

Police officers interviewed defendant as part of the investigation. He admitted making a phone call the night before the murder during which he told the victim he was going to report her activities to the wife of her boyfriend. He told the police he had taken clothing to the cleaners on the date victim died, however, the neighbor testified defendant sped away from the apartment and turned in a direction away from the most direct route to the cleaners that defendant identified in his statement.

Subsequent to these events defendant married. By the time of trial that marriage had ended in divorce. During the trial his new, now former, wife testified.[1] She stated defendant, in the presence of his son, said, "Pat had been killed, but ... she got what she deserved." She added, "[a]nd I, you know, I said, '[w]ell,' I said, 'why do you think she did.' He said, '[w]ell, I caught Frank and Pat together.'" She testified defendant's son had previously alerted her to his suspicion that defendant was guilty of the killing of Patricia Gradley.

---

1. Because these events occurred prior to § 546.260 RSMo 1986 her testimony was not automatically admissible by reason of the intervening divorce.

Defendant's ex-wife also identified a long multi-battery flashlight. She told the jury that defendant brought the flashlight to their home in August, 1985, while her sister and her brother-in-law "were there." She testified:

"He [defendant] brung it in and he pounded it in the palm of his hand like this, two or three times in the palm of his hand. And he made a remark that you could use this for a lethal weapon, you could kill somebody with it and get away. And he kept pounding it in his hand, the palm of his hand."

From the above evidence and testimony of the medical examiner the jury could find that the assault, resulting in death, occurred between 9:00 a.m. and 4:00 p.m. on March 18, 1985. Expert testimony did not pinpoint the time of the assault, the lapse of time between assault and death, or an exact time of death. The medical examiner testified that death could have occurred any time between 9:00 a.m. and 4:00 p.m. Accordingly, the evidence established motive; opportunity, including knowledge of the manner of entry into the apartment; suspicious conduct in the early morning and during the day of the assault, implying criminal conduct; and, available inferences from defendant's statements of guilty knowledge. Defendant's first claim of error is denied.

This court learned during oral argument that defendant's principal claim of error is ineffectiveness of trial counsel. In that respect sufficiency of evidence was preserved and maintained as a foundation for the claim of ineffective assistance of trial counsel. The first argument emphasizes a close case. Defendant reasons that in a circumstantial evidence case any evidence which could and should have been excluded by proper objection, where such evidence is a prerequisite to sufficiency of proof, constitutes support for a claim of ineffective assistance of counsel. We defer consideration of the direct appeal claim of ineffective assistance of counsel for consideration of the same issues developed at an evidentiary hearing on the Rule 29.15 motion. We will consider the matters there raised together with the similar claim of error asserted in the Rule 29.15 proceeding and separately briefed.

Defendant's third claim of error in the direct appeal involves an assertion that the trial court committed plain error in: (a) allowing defendant's ex-wife to testify to privileged communications between defendant and his wife; and, (b) admitting the flashlight into evidence without proper authentication.

We reject this claim of error for several reasons. First, ordinarily, admission of evidence without objection is a matter of trial error, not plain error. Second, the flashlight was brought to the home of the ex-wife by defendant, seized by her and delivered to the police. Even if it was not the murder weapon the medical expert opined it could have been. It was significant to the testimony regarding defendant's statements that the flashlight could be used as a weapon and the user "get away with it." Third, defendant's claim of plain error premised on the assertion that defendant's statements were admitted without objection and were privileged is incorrect. Defendant's trial counsel was permitted by the court in a pretrial hearing to have a continuing objection during the trial to the testimony of defendant's ex-wife "with regard to any statements she might make, because they were covered by § 546.260; and that they were statements made and intended to be private between only him and his wife, not intended to be heard by any other persons." Accordingly, with the permission of the court, trial counsel did have an objection to the communications of defendant and his wife. However, there was testimony to support a ruling of the trial court that the statements were made in the presence of the witness's sister and the sister's husband. Defendant's argument that the third parties may not have been immediately present is not supported by the record. On the record there were third persons present. Hence, the belated claim of privilege fails. *State v. Turner*, 716 S.W.2d 462, 466–67 (Mo.App.1986). The trial court did not err in admitting the statements because they were, under the

evidence, not privileged and it did not err in admitting the flashlight as an exhibit when it was relevant to defendant's statement, although not necessarily the murder weapon.

Primarily, defendant relies on his contention, "[t]he trial court's action in overruling petitioner's 29.15 motion was clearly erroneous because the evidence shows that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the 6th Amendment." Our review is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). Defendant acknowledges the established standard by which a claim of ineffective assistance of trial counsel is measured. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Seales v. State*, 580 S.W.2d 733, 736–37 (Mo. banc 1979). First, defendant must show that counsel's performance was deficient. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Deficiency is measured in terms of failure to exercise customary skill and diligence that a reasonable competent attorney would exercise under similar circumstances. *Sanders*, 738 S.W.2d at 857. The state is entitled to a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and defendant must overcome the presumption. Second, defendant must show that he was prejudiced by counsel's conduct. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Prejudice is viewed in terms of proof that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068.

Defendant bears a heavy burden of proof on this issue. *Smith v. State*, 714 S.W.2d 834, 836 (Mo.App.1986). In order to succeed, defendant must allege and prove facts which persuade the motion court counsel was ineffective according to the recognized standard. We review the findings, conclusions and denial of relief by the motion court and reverse and remand only if a review of the entire record leaves this court with a firm impression that a mistake has been made because the findings and conclusions are clearly erroneous, resulting in denial of a fair trial guaranteed by the 6th Amendment of the Constitution of the United States. *Curtis v. State*, 759 S.W.2d 860, 861–62 (Mo.App. 1988).

Defendant's motion for post-conviction relief adopted all of the grounds originally presented in the motion for new trial and by direct appeal. These assignments were developed in an evidentiary hearing resulting in extensive findings and conclusions. Defendant argues that the record "is replete with instances of misfeasance and nonfeasance exemplifying defense counsel's indisputable ineffectiveness at trial." In *Cuyler v. Sullivan*, 446 U.S. 335, 343, 100 S.Ct. 1708, 1715, 64 L.Ed.2d 333 (1980), the United States Supreme Court recognized there are, rightfully termed, ineffectiveness cases, wherein defense counsel's misfeasance or nonfeasance so adversely effects counsel's representation of the accused that the adversary system, the trial, breaks apart, producing unjustified and unreliable verdicts. Accordingly, we will consider each separate assignment and a comprehensive, collective claim of cumulative effectiveness.

First, there is a contention that counsel failed to object to the admission of and any testimony relating to a flashlight which the state alluded to as the murder weapon. This argument is directed primarily at failure of proof of a chain of custody to afford a reasonable assurance that it was the weapon and in the same condition as when obtained. This argument fails for three reasons: (a) the record discloses that defense counsel did object prior to and during trial on substantive grounds to use of the flashlight and included a motion for mistrial after the flashlight was admitted as an exhibit; (b) the exhibit supported oral testimony regarding a statement made by defendant; and, (c) because of timely objection the admission of the exhibit was a matter for direct appeal. The trial court's

findings on this claim and defendant's related second claim are without merit.

■ Defendant's third specification of ineffective assistance accuses defense counsel of eliciting highly damaging testimony from defendant's son and ex-wife regarding defendant's violent character and reputation. Defendant argues that without such conduct this evidence would never have been presented to the jury because defendant's character may only be questioned if first pursued by the defense. *See, State v. Milligan,* 654 S.W.2d 204, 208–09 (Mo.App.1983).

Defense counsel testified before the motion court. He told the court he elicited testimony indicating that both witnesses, defendant's son and ex-wife, were hostile to and biased against defendant. The strategy was to discredit the son's testimony regarding his father's threat to the victim and the ex-wife's testimony regarding incriminating statements. The motion court's finding that the efforts of defense counsel were matters of trial strategy is not clearly erroneous.

Defendant's fourth specification relates to failure to assert husband and wife privilege so as to prevent any testimony from ex-wife. We have previously noted that the privilege was not available for factual reasons; third persons were present when the alleged statements were made.

■ The fifth specification relates to numerous incidents of allowing hearsay or irrelevant evidence without objection on those grounds. The first related to the telephone conversation overheard by defendant's son. This evidence attributed threatening statements to the victim heard by the witness. The evidence was neither hearsay nor irrelevant. A second contention related to this telephone conversation also fails because defendant's son was aware that defendant was talking to the victim on the telephone. Defendant's contention that the testimony of a police officer concerning "unusual" activity of defendant during the initial investigation on the afternoon the body was found fails because these were first person observations and represented state of mind testimony of the officer which explained future investigative efforts. Nor did the court err in finding counsel was not ineffective for failure to object on relevancy or leading and foundational grounds regarding police officer testimony about whether defendant made statements that he carried a long object wrapped in a newspaper and placed it in the trunk of his car. There was no such error because the motion court was not asked to make that finding and made no such finding. Defendant is not entitled to review of a claim not presented to the motion court. *Walker v. State,* 715 S.W.2d 261, 262 (Mo.App.1986). The last sub-claim regarding admission of evidence without objection suggests ineffective assistance because defendant's son was permitted to testify he had told defendant's ex-wife that his father killed the victim and he was afraid for her safety. Both parties testified in court. The evidence was neither hearsay nor irrelevant. Defense counsel approached this testimony with a strategy of impeachment. A finding of absence of effectiveness on this account is not clearly erroneous.

Defendant's sixth specification relates to a complaint that counsel was ineffective for failure to call defendant as a witness. Trial counsel testified it was his opinion that defendant should not testify. However, he did not prevent defendant from testifying. Defendant concedes that he did not override his counsel's advice, although he made it known to his counsel that he wanted to tell his story to the jury. Defense counsel, and a second attorney who assisted defense counsel, testified they permitted defendant the ultimate decision of whether to testify and defendant decided, even if reluctantly, not to testify.

■ Defendant's next allegation relates to a claim trial counsel was ineffective for failure to call alibi witnesses. In order to succeed on this claim defendant must show knowledge of the witnesses, availability of the witnesses and that the testimony would have been helpful to the defense. *Hogshooter v. State,* 681 S.W.2d 20, 21 (Mo. App.1984). It is the absence of proof of helpfulness which prevails here. Defen-

dant called upon numerous customers of his employer during the work day in question. The alibi witnesses were customers seen by defendant on that day and his employer. Identification was no problem. Rather, the problem was that defense counsel investigated the potential alibi witnesses and made a decision not to call them because they backed off from their initial statements and the available testimony would not have provided a clear alibi.

The trial court concluded that trial counsel made a conscious, strategic decision not to call alibi witnesses. The court also observed that the evidence of time of death was not certain. This made alibi a "shaky" defense. Further, the strength of the testimony of defendant's employer depended upon the validity of time records prepared by defendant after the fact. The time record contained a specific time reference only to a critical 10:00 a.m. appointment at Hunter Packing Company in East St. Louis, not to subsequent calls made during the day. An available witness at Hunter Packing Company could not recall exactly when defendant was there. He told trial counsel that ordinarily defendant left a form to be filled out and mailed but on that day, defendant insisted that it be signed and returned to defendant before he left. The time record noted defendant was at Hunter Packing Company at 10:00 a.m. but the witness would have testified that he arrived well after 10:00 a.m. Under all these circumstances the failure to call known and available witnesses to prove an alibi defense was not ineffective assistance of counsel. The decision was one of trial strategy and an opposite decision would not necessarily have benefited defendant and changed the result.

Defendant also accuses trial counsel of failure to file a motion for new trial. This claim fails because new counsel entered his appearance and filed a motion without consultation with trial counsel. Trial counsel was relieved by defendant before a motion for new trial was due.

We find no error in the refusal of post-conviction relief based on any or all the grounds defendant presented to the trial court.

We affirm.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.