Leotis YANCEY–EL, Appellant,

v.

STATE of Missouri, Respondent.

No. 56112.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 3, 1990.

Lisa Clover, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Susan Turner, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Movant, Leotis Yancey–El, appeals from the denial of his Rule 29.15 motion, alleging ineffective assistance of counsel, after an evidentiary hearing. We affirm.

Movant was convicted of illegal possession of a schedule IV controlled substance and first degree assault, and was sentenced to two consecutive ten year prison terms. Following sentencing, movant's trial counsel filed a notice of appeal and requested a copy of movant's trial transcript. The trial counsel advised movant that in order to proceed with the appeal, money was needed to obtain a copy of the transcript. However, counsel never received an assignment of the funds allegedly placed with the court in movant's behalf nor did movant ever pay for the transcript or counsel's services.

After this court notified counsel that the appeal was being placed on the dismissal docket because the record on appeal had not been filed, counsel made several unsuccessful attempts to locate movant and secure funds to obtain the transcript. Movant, however, had left St. Louis while out on appeal bond from October, 1982 until July, 1985. In spite of movant's absence, counsel subsequently filed a motion to remove the case from the dismissal docket. In support of this request counsel stated that movant was unable to secure funds to prosecute his appeal because movant was unable to obtain employment and because movant had been shot in June, 1982. Further, counsel stated that movant was now able to proceed with the appeal. Movant still did not pay for the cost of the transcript. The appeal was dismissed on December 12, 1982, for failure to file the record on appeal.

Movant filed an amended motion for post-conviction relief alleging ineffective assistance of counsel for failure to perfect his appeal. The motion court denied movant's post-conviction relief motion after an evidentiary hearing. The motion court found that movant failed to show by a preponderance of the evidence that he had received ineffective assistance of counsel when his appeal was not perfected, or that his trial counsel breached a duty owed to movant by not paying the cost of the transcript himself, or that his trial counsel breached a duty owed to movant by not petitioning the trial court to proceed in forma pauperis. This appeal follows.

Movant claims that the motion court erred in denying his Rule 29.15 motion contending that trial counsel was ineffective because he did not file a record on appeal.

■ Appellate review of a Rule 29.15 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j). Such findings and conclusions are clearly erroneous if, upon review of the entire record, an appellate court is left with the definite and firm impression that a mistake has been made. *Moton v. State,* 772 S.W.2d 689, 691 (Mo.App.1989).

■ The United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), set

forth the established standard by which a claim of ineffective assistance of counsel is measured. First, appellant must show that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the appellant of a fair trial. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. Deficiency is measured in terms of failure to exercise customary skill and diligence that a reasonable competent attorney would exercise under similar circumstances. *State v. Flieger,* 776 S.W.2d 25, 29 (Mo.App.1989). Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable, professional judgment and appellant must overcome that presumption. *Id.* Mere failure to take an appeal does not constitute ineffective assistance of counsel. *Pinson v. State,* 688 S.W.2d 783, 785 (Mo. App.1985). Only where the movant wishes to appeal and his attorney either refuses or negligently fails to take the proper steps to appeal is there ineffective assistance of counsel. *Id.*

■ Here movant contends that trial counsel's failure to pay for the cost of the trial transcript himself and his failure to seek leave to withdraw from movant's case to allow movant to proceed in forma pauperis resulted in ineffective assistance of counsel. The motion court's findings of fact indicate that counsel was not paid to represent movant during the appeal, and that movant was aware that he had to pay to obtain a transcript to proceed. The record on appeal also shows that when movant's counsel was notified that the case was being placed on the dismissal docket, counsel filed a motion to remove the case from the dismissal docket in spite of several unsuccessful attempts to locate movant. Trial counsel does not have a duty to pay for the transcript when the client does not advance the monies. This situation is not one in which a reasonable, competent attorney would have acted any differently than movant's counsel did here. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

■ Movant also claims that counsel was ineffective in failing to withdraw so that movant could proceed in forma pauperis. This allegation was not raised in either the pro se or amended Rule 29.15 motion, however, nor was it included in the appellate point relied on. The issue was raised only in the argument portion of movant's brief and was unsupported by argument or citation of authority. The point has not been properly preserved or raised and is not before this court.

Judgment affirmed.

SIMON, C.J., and JOSEPH J. SIMEONE, Senior Judge, concur.