Michael J. TEER, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 86500.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 22, 2006.

Lisa M. Stroup, Attorney, St. Louis, MO, for appellant.

cause why this appeal should not be dismissed for lack of a final, appealable judg-

ment. Neither party responded.

Shaun J. Mackelprang, Attorney, Jefferson City, MO, for respondent.

BOOKER T. SHAW, Judge.

Michael J. Teer ("Movant") appeals from the motion court's judgment denying his Rule 29.15 post-conviction relief motion without an evidentiary hearing. On appeal, Movant argues the motion court erred in denying Movant relief without an evidentiary hearing because his appellate counsel was ineffective for failing to (i) file a complete record on appeal and he was prejudiced because this Court was unable to review his direct appeal claim, and (ii) argue the trial court erred in allowing the State to amend the Information by charging Movant as a prior offender after the case was submitted to the jury. We reverse and remand for an evidentiary hearing.

### Facts and Procedural History

Movant was convicted of four counts of involuntary manslaughter, and one count of assault in the second degree. Movant, while driving under the influence of alcohol, collided with another car, killing four people and injuring a fifth person. The jury recommended ten months in the county jail for the four counts of involuntary manslaughter and eight months in the county jail for the one count of second-degree assault. Sometime prior to the end of the trial, the State moved to amend the Information to provide that Movant was a prior offender. The trial court granted this motion after the jury began deliberating, but prior to the return of the verdict. The trial court found Movant to be a prior offender and sentenced him to four years' imprisonment for each count to be served consecutively.

This is the third time this case has been before this Court and the procedural history of Movant's case is extensive. This Court affirmed Movant's convictions in *State v. Teer,* 959 S.W.2d 930 (Mo.App. E.D.1998). Movant filed a Rule 29.15 motion and an amended motion was filed on his behalf by counsel on August 4, 1999. On June 13, 2000, the motion court dismissed Movant's motion for failure to prosecute. Movant appealed the motion court's dismissal of his Rule 29.15 motion. On appeal, this Court reversed and remanded for "determination of whether [Movant] is entitled to an evidentiary hearing on his [Rule 29.15] motion and for the motion court to enter findings of fact and conclusions of law." *Teer v. State,* 50 S.W.3d 284, 285 (Mo.App. E.D.2001).

On remand, the motion court issued findings of fact and conclusions of law ("judgment") denying Movant's Rule 29.15 motion without an evidentiary hearing on December 15, 2002. Movant did not receive the motion court's judgment until the time for "perfecting an appeal had expired." As a result, the motion court entered an order re-opening Movant's 29.15 post conviction motion and re-entered its judgment. In its judgment, the motion court noted that Movant alleged in his amended Rule 29.15 post conviction motion that "[a]ppellate counsel was ineffective for failing to file a complete record on appeal including both the transcript and the legal file," but did not address this allegation of error in its judgment. The motion court only made findings of fact and conclusions of law as to the alleged error that appellate counsel was ineffective for failing to raise the issue of the late filing of an amended Information by the State. Movant now appeals this judgment.

### Analysis

■ Appellate review of a post-conviction relief motion is limited to the determination of whether the findings of fact and conclusions of law of the motion court are clearly erroneous. *State v. Nunley,* 980 S.W.2d 290, 291 (Mo. banc 1998); Rule

29.15. The motion court's findings and conclusions are clearly erroneous only if, after reviewing the entire record, the appellate court is left with the definite and firm impression a mistake has been made. *Id.* at 291–92. An evidentiary hearing is not required for a post-conviction motion for relief if the motion court determines the motion, files, and records of the case conclusively show the movant is not entitled to relief. *Morales v. State,* 104 S.W.3d 432, 434 (Mo.App. E.D.2003). An evidentiary hearing is warranted when a movant's motion meets three requirements: 1) the motion must allege facts, not conclusions, warranting relief; 2) the facts alleged must not be refuted by the files and records in the case; and 3) the matters complained of must have resulted in prejudice to the movant. *Morrow v. State,* 21 S.W.3d 819, 822–23 (Mo. banc 2000).

█ In Movant's first point on appeal, he alleges that his appellate counsel was ineffective for failing to include a complete record on appeal including the trial transcript and legal file, and this failure resulted in this Court being unable to review Movant's claim on direct appeal. "The standard for reviewing a claim of ineffective assistance of 'appellate counsel' is essentially the same as that used in a similar claim against trial counsel." *Honeycutt v. State,* 54 S.W.3d 633, 649 (Mo.App. W.D. 2001). The movant is to show a breach of duty owed by counsel and the prejudice

resulting therefrom. *Id.* Where a claim is made that appellate counsel was ineffective, in order to prevail, "strong grounds must exist showing that counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney would have recognized and asserted it." *Ham v. State,* 7 S.W.3d 433, 438–39 (Mo.App. W.D. 1999) (quoting *Reuscher v. State,* 887 S.W.2d 588, 591 (Mo. banc 1994)). The claimed error must have been sufficiently serious to create a reasonable probability that, if it was raised, the outcome of the appeal would have been different. *Tisius v. State,* 183 S.W.3d 207, 215 (Mo. banc 2006).

In Movant's direct appeal, this Court issued an order affirming Movant's convictions. *Teer,* 959 S.W.2d at 930. We provided Movant with an unpublished memorandum ("memorandum") supplementing the order. This Court, in Movant's direct appeal, discerned from Movant's brief that his point of error was that the trial court did not conduct a hearing and follow the procedures required by Section 558.021.1, RSMo 1994.[1] This memorandum stated as follows in pertinent part:

[Movant] has only filed a small portion (50 pages) of the transcript from a four-day trial. [Movant] contends the trial court did not conduct a hearing, but the incomplete record before us does not

---

**1.** Section 558.021, RSMo 1994 states in pertinent part: 1. The court shall find the defendant to be a prior offender, persistent offender, or dangerous offender, if:

(1) The indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender, persistent offender, or dangerous offender; and (2) evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a prior offender, persistent of-

fender, or dangerous offender and (3) the court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender, persistent offender, or dangerous offender.

2. In a jury trial, the facts shall be pleaded, established and found prior to submission to the jury outside of their hearing, except the facts required by subdivision (1) of subsection 4 of section 558.016 may be established and found at a later time, but prior to sentencing, and may be established by judicial notice of prior testimony before the jury....

clearly establish exactly what happened and when it happened.... When a clear record is not provided, the reviewing court has nothing upon which to base its decision and nothing to decide. (citations omitted). We are unable to determine in this case what exactly occurred at the trial level.... With the incomplete record, we cannot review [Movant's] claim.[2]

Now, Movant contends that his appellate counsel failed to file a complete record by not including a complete transcript. The transcript included by counsel was fifty pages long and included the testimony of a medical examiner whose testimony had no relation to the point raised in Movant's direct appeal.

Our review of this Court's legal file from Movant's direct appeal reveals that Movant's appellate counsel was from the same law firm as his trial counsel. Counsel received at least one extension of time to file the transcript. Included in the record is a statement from the court reporter indicating that counsel requested a transcript and that the deposit for the transcript had been paid. The statement from the court reporter indicates that the transcript would be about 300 pages. Counsel's alleged ineffectiveness for failure to file a complete record and perfect Movant's appeal is not refuted by the record. *See Yancey–El v. State,* 787 S.W.2d 862, 864 (Mo.App. E.D.1990) (noting that the record revealed movant's appellate counsel attempted on more than one occasion to contact movant regarding the funds for a transcript); *Thomas v. State,* 506 S.W.2d 487, 488 (Mo.App. E.D.1974) (noting that appellate counsel testified at movant's evidentiary hearing that the reason counsel did not file a transcript was due to mov-

ant's failure to pay counsel to secure the transcript); *Trout v. State,* 523 S.W.2d 529 (Mo.App. W.D.1975) (holding that counsel was not ineffective for failing to file transcript when the record revealed that counsel was willing to pursue appeal if the expenses and fees were paid); *see also Adequacy of Defense Counsel's Representation of Criminal Client regarding Appellate and Post–Conviction Remedies,* 15 A.L.R.4th 582 (1982).

In *Yancey–El, supra, Thomas, supra,* and *Trout, supra,* after an evidentiary hearing, each movant's claim of ineffective assistance of appellate counsel for failure to perfect an appeal was refuted by the record and, therefore, the movants there were not able to show prejudice by their counsel's actions. Here, Movant's claim is not so refuted. Therefore, we reverse and remand for an evidentiary hearing to determine whether appellate counsel was ineffective for failing to file a complete record in Movant's appeal resulting in this Court not being able to reach his claim of error. Point I is granted.

■ In Movant's second point on appeal, he alleges his appellate counsel was ineffective for failing to argue the trial court erred in allowing the State to amend the Information by charging Movant as a prior offender after the case was submitted to the jury. Movant must demonstrate "strong grounds" that his appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney would have recognized and asserted it. *Ham,* 7 S.W.3d at 438–39. The claimed error must have been sufficiently

---

**2.** The memorandum does refer to State's Exhibit 26 that was filed with this Court by the State. Exhibit 26 is entitled "Finding of Prior Offender" whereby the trial court makes a finding that Movant was a prior offender. Thus, we found that Movant's claim that there was no finding on the record of his prior offender status did not have merit and was refuted by Exhibit 26.

serious to create a reasonable probability that, if it was raised, the outcome of the appeal would have been different. *Tisius,* 183 S.W.3d at 215. This argument can only be fully addressed by this Court upon review of the complete record. We are unable to determine whether appellate counsel failed to raise a "preserved" issue or whether the issue "was so obvious from the record" that appellate counsel should have asserted it because we do not have a record of the proceedings below. Therefore, we reverse and remand for an evidentiary hearing to determine whether appellate counsel was ineffective for failing to raise the issue of the trial court's ruling allowing the State to amend the Information after the case had been submitted to the jury. Point II is granted.

REVERSED AND REMANDED.

KATHIANNE KNAUP CRANE, P.J., and LAWRENCE E. MOONEY J., Concur.