

# In the Missouri Court of Appeals
## Eastern District

DIVISION THREE

| | | |
|---|---|---|
| CHRISTOPHER J. IVORY, | ) | No. ED99916 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | 1222-CC10701 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable John J. Riley |
| | ) | |
| Respondent. | ) | FILED: February 11, 2014 |

OPINION

Christopher J. Ivory (Movant) appeals from the motion court's Findings of Fact, Conclusions of Law, and Judgment (Judgment) denying his Rule 29.15 Amended Motion to Vacate, Set Aside, or Correct Judgment and Sentence and Request for Evidentiary Hearing (PCR Motion), alleging ineffective assistance of appellate counsel. We affirm.

Factual and Procedural Background

In the underlying case, Movant, representing himself *pro se* but with a public defender present as standby counsel, was convicted of attempted forcible rape, Section 566.030[1], kidnapping, Section 565.110, and stealing from a person, Section 570.030. At trial, Movant testified on his own behalf. On cross-examination, the prosecutor asked Movant why all of the State's witnesses, none of whom knew the defendant, would get together "to put a case against" him. Movant's objection to speculation was overruled, and Movant answered that people were

---

[1] All statutory references are to RSMo 2000, unless otherwise indicated.

"making this up" and that "everything ain't always what it appear." The prosecutor then responded, "You probably weren't what you appeared when you first talked to [victim]. She probably thought you were a nice guy, didn't she?" Movant's objection to the question being argumentative was overruled, and the prosecutor followed up by saying, "You probably did not appear to be the 'monster' you turned into when you first said hi to [victim], did you?" Without any objection, Movant answered, "That's not true."

The jury subsequently found Movant guilty beyond a reasonable doubt, and the trial court sentenced Movant to consecutive terms of thirty years, fifteen years, and seven years imprisonment. Movant appealed this conviction and sentence on four points, alleging that the trial court had plainly erred in (1) allowing Movant to waive counsel and proceed *pro se*, (2) overruling Movant's motion for judgment of acquittal with respect to the attempted forcible rape charge, (3) refusing to give Movant's instruction to the jury on a lesser included offense of false imprisonment, and (4) permitting the prosecutor to comment, question, and argue Movant's decision to self-represent. This Court affirmed Movant's conviction on direct appeal. State v. Ivory, 383 S.W.3d 21 (Mo. App. E.D. 2012).

Movant subsequently filed his PCR Motion alleging that his appellate counsel rendered ineffective assistance by failing to raise a claim on direct appeal that the trial court erred in failing to sustain his objections based on speculation and as argumentative and that Movant was denied his rights to due process and a fair trial based on prosecutorial misconduct at trial. Movant requested an evidentiary hearing. The motion court denied Movant's request for an evidentiary hearing and issued its Judgment denying Movant's PCR Motion on the grounds that the issues were not preserved for appeal and, furthermore, were not meritorious. This appeal followed. Additional facts will be discussed as necessary to our analysis of the issues on appeal.

2

## Standard of Review

The motion court's findings of fact and conclusions of law are presumed correct, and the movant bears a heavy burden of overcoming that presumption by a preponderance of the evidence. Worthington v. State, 166 S.W.3d 566, 572 (Mo. banc 2005); State v. Tokar, 918 S.W.2d 753, 761 (Mo. banc 1996). Furthermore, an evidentiary hearing on a claim for post-conviction relief is not warranted unless: "1) the movant pleads facts that if true would warrant relief; 2) the facts alleged are not refuted by the record; and 3) the matter complained of resulted in prejudice to the movant." Elverum v. State, 232 S.W.3d 710, 714 (Mo.App. E.D. 2007); Teer v. State, 198 S.W.3d 667, 669 (Mo. App. E.D. 2006). Our review of the motion court's denial of a PCR Motion is limited to a determination of whether its findings and conclusions are clearly erroneous. Rule 29.15(k); Moss v. State, 10 S.W.3d 508, 511 (Mo. banc 2000). The motion court's decisions are clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. Teer, 198 S.W.3d at 669.

## Ineffective Assistance of Appellate Counsel

In his first point on appeal, Movant claims the motion court erred in denying his PCR Motion without an evidentiary hearing because appellate counsel was ineffective for failing to raise on appeal the trial court's overruling of his objections to questions by the prosecuting attorney during cross-examination "forcing him to speculate about why all of the witnesses put this case on him and calling him a monster." We disagree.

To prevail on a claim of ineffective assistance of counsel, the movant must prove both prongs of the Strickland test: 1) counsel's performance did not meet the standard skill or diligence that would be expected of a reasonably competent attorney in a similar situation; and 2) because of counsel's deficient performance, movant was prejudiced. Strickland v. Washington,

3

466 U.S. 668, 687 (1984); Zink v. State, 278 S.W.3d 170, 175 (Mo. banc 2009). Failure to prove either prong is fatal to the claim, and once one prong has failed, the reviewing court need not continue its analysis. State v. Nunley, 980 S.W.2d 290, 292 (Mo. banc 1998); Barnes v. State, 334 S.W.3d 717, 721 (Mo. App. E.D. 2011). Moreover, there must be strong grounds that the claimed error the movant's counsel is alleged to have made was so obvious that a competent attorney would have recognized it and that it now requires reversal on appeal. Nicklasson v. State, 105 S.W.3d 482, 486 (Mo. banc 2003); Middleton v. State, 80 S.W.3d 799, 808 (Mo. banc 2002).

Here, in denying Movant's claim and request for an evidentiary hearing, the motion court found that Movant did not raise the issue in his motion for a new trial and so the issue was not preserved for appeal. Appellate counsel is not deemed ineffective for failing to raise an unpreserved error on appeal, Melillo v. State, 380 S.W.3d 617, 623 (Mo. App. S.D. 2012), or for failing to preserve an issue on appeal, McLaughlin v. State, 378 S.W.3d 328, 354 (Mo. banc 2012). Furthermore, the motion court found that Movant's complaint regarding the prosecutor's questioning lacked merit. The court reasoned that

> Movant was not a credible witness at his trial, and he invited the questioning of which he complains. […]
> It is apparent to the Court that the statements by the prosecutor of which movant complains were in response to movant's own testimony; that his objection that they were argumentative was unfounded; that the prosecutor's question in which she used the term "monster" was not inappropriate within the context in which she used it; and, there is no reasonable probability that had this issue been raised on appeal it would have resulted in the reversal of movant's convictions.

The motion court's findings and conclusions are supported by the record.

At trial, Movant invited the questioning he alleges his appellate counsel failed to bring up on direct appeal. Among his many claims, Movant suggested that his attorney altered photographs and that the police planted evidence, accused his former attorney from the public

4

defender's office and the prosecutor of colluding against him, and said that the victim and other witnesses were "making this up." When Movant asserted that "everything ain't always what it appear," the prosecutor responded that Movant did not likely appear to be a "monster" when he first met the victim. The prosecutor was allowed to question and comment on Movant's own testimony, and it is apparent that the trial court did not err in overruling his objections.

Additionally, Movant's claims were not preserved for direct appeal because they were not included in his motion for new trial. Rule 30.20. However, this Court may use discretion in considering plain errors, whether briefed or not, affecting substantial rights when the court finds that manifest injustice or miscarriage of justice has resulted therefrom. Rule 30.20. Appellate counsel raised four points on appeal, but did not include Movant's speculation and argumentative objections based on the prosecutor's questions about why all of the witnesses would put this case on him and for the prosecutor calling him a "monster." Appellate counsel is under no obligation to raise every issue asserted in the motion for new trial, and can make the strategic decision to remove frivolous claims not likely to result in reversal in favor of putting forth stronger arguments. Holman v. State, 88 S.W.3d 105, 110 (Mo. App. E.D. 2002); Toten v. State, 295 S.W.3d 896, 899 (Mo. App. S.D. 2009) (citing Cole v. State, 223 S.W.3d 927, 931 (Mo. App. S.D. 2007)). Allowing appellate counsel to choose to present the strongest arguments on appeal "promotes judicial economy by focusing the Court's attention on those issues most pertinent to resolving the case." Holman, 88 S.W.3d at 110. Movant has failed to establish that had appellate counsel raised his objections as issues on direct appeal, it would likely have resulted in reversal of his conviction. Additionally, this Court does not find that there was any plain error under Rule 30.20 that resulted in manifest injustice or miscarriage of justice. Furthermore,

"post-conviction relief under Rule 29.15 is not a substitute for direct appeal or to obtain a second chance at appellate review." McLaughlin, 378 S.W.3d at 357 (citing Zink, 278 S.W.3d at 176).

The motion court did not clearly err in denying Movant's PCR Motion for ineffective assistance of appellate counsel. Point I is denied.

Alleged Prosecutorial Misconduct

In his second point on appeal, Movant alleges that the motion court clearly erred in denying his PCR Motion without an evidentiary hearing because he was denied due process and a fair trial based on prosecutorial misconduct during his cross-examination when the prosecutor asked him why the witnesses put this case against him and when the prosecutor compared him to a "monster." We disagree.

Generally, claims of prosecutorial misconduct are to be brought up on direct appeal and are not cognizable in a Rule 29.15 proceeding. Tisius v. State, 183 S.W.3d 207, 212 (Mo. banc 2006). Accordingly, this Court reviews claims of prosecutorial misconduct under Rule 29.15 "only when the alleged misconduct was serious and would not have been apparent at trial." Wilson v. State, 383 S.W.3d 51, 57 (Mo. App. E.D. 2012) (citing Tisius, 183 S.W.3d at 212)).

The motion court found that any conduct by the prosecutor was apparent to Movant during the trial and, therefore, should have been brought up on direct appeal. Thus, Movant's point was not cognizable and did not require an evidentiary hearing. Moreover, the motion court concluded that Movant's claim was without merit because the prosecutor committed no misconduct as her questioning was not inappropriate under the circumstances. The motion court's findings and conclusions are supported by the record.

Here, Movant was present and aware of the prosecutor's conduct at trial. See McIntosh v. State, 413 S.W.3d 320, 331 (Mo. banc 2013) (prosecutorial misconduct that Movant

6

complained of in his post-conviction motion was apparent at trial as prosecutor's comments during closing argument were recorded as part of the trial transcript provided to Movant for preparation of his direct appeal). Therefore, Movant had the opportunity to bring this claim of prosecutorial misconduct on direct appeal. Moreover, a Rule 29.15 proceeding cannot be used as a substitute for direct appeal. McIntosh, 413 S.W.3d at 331 (citing State v. Carter, 955 S.W.2d 548, 555 (Mo. banc 1997)). Consequently, the motion court did not err in denying Movant's request for an evidentiary hearing based on his claim of prosecutorial misconduct.

Furthermore, the claim is completely without merit because the prosecutor did not engage in any misconduct. As argued under Point I, Movant invited the prosecutor's questioning after testifying that the prosecutor had colluded against him, the police had planted the evidence, and the witnesses had lied on the stand. See Turnbo by Capra v. City of St. Charles, 932 S.W.2d 851, 857 (Mo. App. E.D. 1996) (plaintiff "opened the door" to doctor's deposition by introducing the issue of schizophrenia into the case in her opening statement). During cross-examination, Movant explicitly stated, "[victim] made it up" and implied that the evidence of the victim's belongings strewn on the ground were planted because he had confronted the victim for stealing money from him. In response, the prosecutor asked Movant if he was saying that the metropolitan police department, the victim, the two eyewitnesses, and the 911 dispatcher "all got together to put a case against" him because he accused the victim of taking some money. Movant proceeded to testify that people were making this case up and that not everything was as it appeared. The prosecutor then retorted, with no objection from Movant, that he did not likely appear to be a monster when he first met the victim. Under these circumstances, the prosecutor's questioning of why all the witnesses, none of whom knew Movant personally, would testify against him was not inappropriate given his previous testimony. Additionally, Movant,

7

representing himself *pro se*, never objected to the prosecutor's comment about him being a "monster," so there was no objection for the trial court to rule on.

The motion court did not clearly err in denying Movant's PCR Motion for prosecutorial misconduct. Point II is denied.

Conclusion

The motion court's Judgment is affirmed.

_____
Mary K. Hoff, Presiding Judge

Kurt S. Odenwald, Judge and
Angela T. Quigless, Judge, concur.