**STATE of Missouri, Respondent,**

v.

**Paul BROOKS, Appellant.**

**Paul BROOKS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 64342, 67529.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 27, 1996.

Raymund J. Capelovitch, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jill C. LaHue, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Paul Brooks appeals a conviction and sentence as a prior and persistent offender on the charge of sale of a controlled substance, § 195.211 RSMo Cum.Supp.1991 and denial of Rule 29.15 post conviction relief after a hearing.

The only issue briefed for our review is a claim the motion court erred in not finding

ineffective assistance of counsel because his counsel's careless closing argument opened the door for a response by the state that was otherwise unavailable. The direct appeal has been abandoned. *See State v. Nelson*, 818 S.W.2d 285, 287 (Mo.App.1991).

The state proved the charged crime with eyewitness testimony of police officers. An undercover officer testified he walked up to a man who was screening customers for Brooks. The officer handed the man a marked twenty-dollar bill. The man walked thirty to forty feet away and spoke with Brooks. The two approached the officer. Brooks handed his partner the crack cocaine, who then handed the illegal drugs to the officer. The police recovered the marked twenty-dollar bill after Brooks was arrested. Laboratory testing confirmed the substance to be cocaine based.

■ Brooks maintains his counsel was ineffective because his closing argument opened the door to a retaliatory argument by the state. His attorney argued that he did not call witnesses who apparently saw the drug transaction occur because the state, primarily the police officers, failed to investigate those witnesses. Brooks complains of the following argument made by his attorney:

> Ladies and gentlemen, I also asked these officers about did they ask anybody around—you will see the pictures of people around the area—about what they saw. The reason that that is important is that we would have people, non police officers, independent witnesses to come in and verify what happened. If [the police] put [the witnesses'] names in the police report, we could investigate and we could go and find out and we would have witnesses for our side. Or if [the witnesses] saw the drug transaction go down, [Brooks has] got witnesses for his side, but [the police] don't do that and there's a reason for that. Part of it is arrogance, that [the police] just want to be believed on their own word and part of it is that there are other people to say what really happened.

Brooks argues his attorney's argument was "a mistake, a fatal mistake," because it highlighted the fact the state did not call witnesses who may have seen the entire drug transaction. However, in the state's rebuttal the prosecutor responded that the defense had the obligation to bring in these witnesses.

[prosecutor]: ... Let me take some time to respond to some of the things that the defense attorney said. He talked about those witnesses who are hanging out, you know, around the scene. The defense also had subpoena power. You can bet—now who knows these people? The defendant was out there that day.

[defense counsel]: Judge, I object. That is (sic) facts not in evidence. We don't know who those people are.

[prosecutor]: He opened the door, your Honor.

THE COURT: Overruled.

[prosecutor]: You can bet if [the witnesses] had something to help the defendant, they would be in here. He was sittin' around with them. He knows them. If [the witnesses] would have helped the defense's case, they would have been in here, don't fool yourselves.

We review in accord with Rule 29.15(j) and *Day v. State*, 770 S.W.2d 692, 695–696 (Mo. banc 1989).

Brooks' contention is without merit for several reasons. First, the substance of the state's response was not a detriment to Brooks or a benefit to the state. Brooks knew the people he was "sittin' around with"; failure to put their names in the police report did not deny him any information. Brooks failed to prove the argument was anything other than inconsequential on the verdict.

■ Second, defense counsel's trial strategy was an attempt to inject reasonable doubt into the state's case. Trial strategy is not a basis for a claim of ineffective assistance of counsel. *State v. Parker*, 886 S.W.2d 908, 929 (Mo. banc 1994). Reasonable doubt was the only available defense theory.

■ Third, the contention that trial counsel's closing argument "was a mistake, a fatal mistake" is an unproven conclusion. At the Rule 29.15 evidentiary hearing, Brooks testified, but he did not mention his complaint

about counsel's closing argument. He did not call trial counsel as a witness in support of his motion. Thus, there was no evidence counsel's argument was both a mistake and prejudicial. Failure to present evidence on an ineffective assistance of counsel claim constitutes abandonment. *See State v. Boone,* 869 S.W.2d 70, 78 (Mo.App.W.D.1993).

Findings and conclusions of the motion court are not clearly erroneous. We affirm the judgment and sentence, and denial of Rule 29.15 relief.

REINHARD, P.J. and CRANDALL, J., concur.