**Tommy NUNLEY, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 23768.**

Missouri Court of Appeals,
Southern District.
Division One.

July 23, 2001.

Mark A. Grothoff, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Presiding Judge.

Tommy Nunley (movant) was convicted, following a jury trial, of two counts of delivery of cocaine base, a controlled substance. § 195.211, RSMo 1994. He was sentenced to confinement for a term of 25 years on each count. The sentences were ordered served concurrently.

■ Movant filed a timely motion for post-conviction relief as permitted by Rule 29.15. Counsel was appointed and an amended motion filed. An evidentiary hearing was held, after which the motion court filed findings of fact and conclusions of law and entered judgment denying the motion. Movant appeals the judgment denying his Rule 29.15 motion. This court affirms.

Our review of a denial of a post-conviction motion is limited to a determination of whether the motion court's findings of fact and conclusions of law were clearly erroneous. Rule 29.15(k). Findings and conclusions are clearly erroneous only if, after review of the entire record, the court is left with a definite and firm impression that a mistake has been made. *State v. Ray*, 852 S.W.2d 165, 171–72 (Mo.App. S.D.1993).

*State v. Galicia*, 973 S.W.2d 926, 929 (Mo. App.1998).

■ Movant presents one point on appeal. He contends the motion court erred in denying his Rule 29.15 motion with respect to his claim that he received ineffective assistance of counsel in his criminal case. He contends his trial counsel failed to obtain an independent laboratory analysis of the material the state alleged to be a controlled substance. He argues he "was prejudiced because an independent test would have shown the substance ... was not cocaine."

The motion court found movant failed to meet his burden of proof. It denied movant's claim that his trial counsel was ineffective in not obtaining an independent laboratory analysis. It found:

Movant alleges that "had the independent analysis been conducted, it would have shown that the substance allegedly obtained from Movant was not cocaine." There was no evidence presented by Movant to support this claim.

Movant's trial attorney, Deidre McMenamin, testified at the hearing that the defense plan was to go with mistaken identity. A review of the trial transcript shows that a qualified expert from SEMO Regional Crime Lab had conducted the test on the substance and both were positive for cocaine. There has been no showing that additional testing would have done anything more than confirm that finding. Movant's trial attorney testified she knew that she had the ability to have another test run but saw no reason to do so.

Conclusionary speculations in motion for post-conviction relief are not substantive evidence that trial counsel was ineffective. *State v. Hope*, 954 S.W.2d 537 (Mo.App. S.D.1997). In the present case it is pure speculation to say that an independent test would have shown that the substance was not cocaine. In addition, particular decisions of trial attorney not to investigate must be directly assessed for reasonableness in all circumstances, applying heavy measure of deference to attorney's judgment. *State v. Kenley*, 952 S.W.2d 250 (Mo. [banc] 1997).

To prevail on an ineffective assistance of counsel claim, a movant must show by a preponderance of the evidence (1) that trial counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney, and (2) that as a result, his or her defense was prejudiced. *State v. Hall*, 982 S.W.2d 675,

680 (Mo. banc 1998), *cert. denied,* 526 U.S. 1151, 119 S.Ct. 2034, 143 L.Ed.2d 1043 (1999).

As the motion court's findings state, movant presented no evidence at the evidentiary hearing on his Rule 29.15 motion to support his claim that an independent analysis would have revealed the substance that was the basis of his criminal charges was not cocaine. The mere allegation that further analysis would have reached that result is insufficient. Allegations in a post-conviction motion are not self-proving. *State v. Vincent,* 785 S.W.2d 805, 812 (Mo.App.1990). Movant did not show there was any information that his attorneys failed to discover that would have provided a viable defense. *See State v. Colbert,* 949 S.W.2d 932, 943 (Mo.App. 1997).

Further, as the motion court observed, the trial record reflected that a qualified expert performed the state's tests. There was no showing that either of the attorneys who represented movant in his criminal case had any information that would have caused them to reasonably doubt the results of those tests. The motion court concluded that there was no showing that movant's attorneys failed to use the skill, care and diligence of a reasonably competent attorney or that movant was prejudiced because no independent analysis of the substance in question was performed. Those determinations were not clearly erroneous. The judgment denying movant's Rule 29.15 motion is affirmed.

SHRUM and MONTGOMERY, JJ., concur.