**STATE of Missouri, Respondent,**

v.

**Scott D. BAXTER, Appellant.**

**No. SC 87535.**

Supreme Court of Missouri,
En Banc.

Nov. 7, 2006.

Ellen H. Flottman, Office of Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for Respondent.

MICHAEL A. WOLFF, Chief Justice.

Scott Baxter challenges his convictions for second-degree arson and third-degree assault on the basis that the record does not reflect that he knowingly, voluntarily, and intelligently waived his right to a jury trial. Although the record does not reflect that Baxter personally stated his waiver in open court—a practice that is recommended for a jury trial waiver—the record clearly indicates that he waived the right.

## Preliminary Discussion

Because Baxter does not allege that there was insufficient evidence to support his conviction, it is not necessary to recite the facts of the offense here, other than noting that Baxter contended at trial that someone else set the fire.

Baxter was charged, as a prior offender, with first-degree arson, a class B felony, and with first-degree assault, a class C misdemeanor. Before the scheduled trial began, the following exchange took place in open court:

> [Prosecutor]: Okay, Your Honor, one other preliminary matter for the record: The agreement in this case was that Mr. Baxter would waive a jury trial and have a bench trial, upon my reduction of the charge to a class C felony, arson in the second degree. I would ask that Mr. Baxter acknowledge that on the record, so he cannot later complain that he did not have a jury trial.
>
> THE COURT: All right, Mr. Hammond [defense attorney], on behalf of the defense, I do understand that there is a waiver of jury trial.
>
> Mr. HAMMOND: Yes, Your Honor.
>
> THE COURT: All right, thank you.

This decision was confirmed by a docket entry. Baxter was present while this exchange took place and said nothing. The court did not question Baxter personally about the nature of the right to jury trial

or whether Baxter had discussed the right with his attorney.

The court then heard the evidence and found Baxter guilty of second-degree arson and third-degree assault. At sentencing, Baxter, when asked, expressed dissatisfaction with his trial counsel on two issues, neither involving the denial of a jury trial.

On appeal, Baxter's sole contention is that the waiver of a jury trial does not appear on the record with "unmistakable clarity." Following opinion in the court of appeals, this Court granted transfer. Mo. Const. art. V, sec. 10.

The judgment of the circuit court is affirmed.

## Standard of Review

■■■ Baxter concedes that he did not object at trial or at sentencing and did not raise this issue in a motion for a new trial. Constitutional claims must be made at the first opportunity. *State v. Hatton,* 918 S.W.2d 790, 795 (Mo. banc 1996). Where the claim was not properly raised, however, this Court has discretion to review for plain error "when the court finds that manifest injustice or miscarriage of justice has resulted[.]" Rule 30.20; *Deck v. State,* 68 S.W.3d 418, 424 (Mo. banc 2002). "[U]nder Missouri law, plain error can serve as the basis for granting a new trial on direct appeal only if the error was outcome determinative[.]" *Deck,* 68 S.W.3d at 427. Manifest injustice is determined by the facts and circumstances of the case, and the defendant bears the burden of establishing manifest injustice. *State v. Mayes,* 63 S.W.3d 615, 624 (Mo. banc 2001).

## Right to Jury Trial

The right to jury trial is guaranteed in serious criminal cases by the United States and Missouri Constitutions. U.S. Const.,

Amends. VI and XIV; Mo. Const., art. I, secs. 18(a) and 22(a); *Duncan v. Louisiana*, 391 U.S. 145, 157–58, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). This right may be waived by the defendant with the consent of the trial court. Mo. Const., art. I, sec. 22(a). Rule 27.01(b) states:

> The defendant may, with the assent of the court, waive a trial by jury and submit the trial of any criminal case to the court, whose findings shall have the force and effect of the verdict of a jury. In felony cases such waiver by the defendant shall be made in open court and entered of record.

■ Under the constitution and Rule 27.01(b) the waiver must appear in the record with "unmistakable clarity." *State v. Bibb*, 702 S.W.2d 462, 466 (Mo. banc 1985). Baxter argues that this standard is satisfied only where the trial court personally examines the defendant on the record about whether the defendant understands the right. The rule does not contain this requirement, but only requires that a waiver be made in "open court." The right to jury trial is a fundamental right, however, *Duncan*, 391 U.S. at 154, 88 S.Ct. 1444, and the waiver of a jury trial must be knowing, voluntary, and intelligent. *State v. Sharp*, 533 S.W.2d 601, 605 (Mo. banc 1976). The issue is, therefore, whether a waiver meeting the requirements of Rule 27.01(b), but not including a personal examination by the judge, satisfies the constitutional requirements.

Baxter cites multiple cases where Missouri courts have reversed a defendant's conviction because the waiver did not appear with "unmistakable clarity" on the record. Those cases are distinguishable. In *State v. Freeman*, 189 S.W.3d 605 (Mo. App.2006), and *State v. Rulo*, 976 S.W.2d 650 (Mo.App.1998), there was no statement at all on the record from defense counsel or anyone else stating that the defendant had waived the right to jury trial. In

*Bibb*, the judge questioned the defendant in detail about his desire to waive jury trial. But when the judge and defense counsel agreed that the defendant could later request a jury trial on punishment, "the burden erroneously shifted to [the defendant] to request a jury." 702 S.W.2d at 466. In *State v. Mitchell*, 145 S.W.3d 21 (Mo.App.2004), the waiver was not made in open court, but rather was stated in a letter from defense counsel to the trial judge. In *Sharp*, manifest injustice was found where defense counsel incorrectly informed the defendant that he would be able to withdraw the waiver and have a jury trial if the judge declined to grant probation. 533 S.W.2d at 605–06. In *Luster v. State*, 10 S.W.3d 205 (Mo.App.2000), the defendant alleged that his trial counsel was ineffective because he did not inform him that it was his decision to waive the right. Luster also alleged that he did not want to waive jury trial and that he would not have done so if given the choice. *Id.* at 211.

Although some cases have found that failure to examine the defendant on the record was plain error, "it does not follow that the trial court's failure to do so necessarily results in a reversal of [the] conviction." *State v. Hatton*, 918 S.W.2d 790, 795 (Mo. banc 1996). Defense counsel in *Hatton* stated, on the record, that the defendant was "waiving jury". *Id.* While "[a]ssuming for argument's sake that the trial court should have conducted a more thorough examination," this Court declined to find plain error because the defendant's admissions to selling drugs "were sufficient to remove any concern that the waiver of the jury trial resulted in prejudice[.]" *Id.* The Court also noted that the defendant was present and did not object when the waiver was announced in court and that he never argued that he intended to exercise his right to a jury trial. Id. The same result was reached in *State v. Sei-*

*bert,* 103 S.W.3d 295 (Mo.App.2003), where defense counsel stated, in defendant's presence, that the defense would waive jury trial, defendant admitted the underlying conduct, and defendant did not allege that he waived the right involuntarily. Similarly, in *State v. Ramirez,* 143 S.W.3d 671 (Mo.App.2004), the court rejected a claim that the trial court was required to discuss the specifics of the waiver on the record with the defendant. The defendant stated in court that he wished to waive the right to jury trial and defense counsel stated that he had discussed the waiver with the defendant. *Id.* at 675. The court found no plain error because the waiver was made in open court and entered in the record and because defendant never complained prior to appeal about the lack of jury trial. *Id.* at 675–77.

### The Jury Trial Was Effectively Waived

■ *Hatton* and *Seibert* differ from this case because the defendants in those cases admitted to committing the underlying criminal acts, whereas Baxter asserted that the fire was set by someone else. Although *Hatton* and *Seibert* are not precisely on point, there are nonetheless two factors here that show there was a proper waiver.

First is the fact that Baxter has never alleged, even on appeal, that he was not informed of the right by trial counsel, that he did not understand the right, that he did not voluntarily waive the right, or that he would have asserted the right if questioned by the judge. As in *Hatton* and *Seibert,* this fact weighs against a finding that the waiver was not knowing, voluntary, and intelligent.

Second, Baxter and the prosecutor struck a bargain for lesser charges in exchange for the waiver. The prosecutor's statement recites an agreement that indicates that Baxter would waive a jury upon the prosecutor's reduction of the charge

from a class B felony to a class C felony, second degree arson. As with any plea agreement, it would be normal practice for the defendant to approve the agreement and be involved, at least through counsel, in the negotiations. Baxter does not allege that this did not take place, and there is no evidence in the record indicating otherwise.

The constitution requires that a waiver be knowing, intelligent, and voluntary. But the constitution does not mandate how this is to be achieved. There is no reason to require that the judge question the defendant on the record, if the record shows that the waiver was knowing, intelligent, and voluntary. *See United States v. Robertson,* 45 F.3d 1423, 1431 (10th Cir.1995).

This case turns on whether there are facts in the record that demonstrate that the defendant's waiver was knowing, voluntary, and intelligent. The answer to that question is yes. The defendant was present when the waiver was made, and he did not object. While the failure to object, in many circumstances, may not be determinative, Baxter had a further opportunity at sentencing to express dissatisfaction with his attorney. At that time he made no mention of his right to a jury trial, although he raised other issues regarding his attorney.

The prosecutor said in open court that there was an agreement that the charges would be reduced in exchange for a waiver; and, in fact, the charges were reduced from a B felony to a C felony. It should be presumed—because of Baxter's failure to allege otherwise—that this agreement was discussed with, and approved by, Baxter. Baxter has never asserted—even on appeal—that he did not voluntarily waive the right or that he would have asserted the right if questioned by the trial judge.

The cases applying Missouri rule 27.01(b) as to waivers of the constitutional

right to jury trial require "unmistakable clarity" in the record. The record here has enough clarity and it is unmistakable.

■ The best practice for a trial court is to question the defendant personally, on the record, to ensure that the defendant understands the right, understands what is lost in the waiver, has discussed the issue with defense counsel, and voluntarily intends to waive the right. If this is done, the defendant will have no grounds later to contend that his waiver was ineffective. The mere fact that this on-the-record exchange did not take place in this case, however, does not mean that plain error occurred. Nor is there manifest injustice.

The judgment is affirmed.

All concur.