Charles D. COLE, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 27954.

Missouri Court of Appeals,
Southern District,
Division II.

May 31, 2007.

---

Mark Allen Grothoff, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joshua N. Corman, Asst. Atty. Gen., Jefferson City, for Respondent.

JEFFREY W. BATES, Chief Judge.

Charles D. Cole (Cole) appeals from an order denying his amended Rule 29.15 motion to set aside his convictions for second-degree domestic assault, armed criminal action and leaving the scene of a motor vehicle accident. *See* §§ 565.073, 571.015, 577.060.[1] This Court affirmed Cole's con-

---

1. All references to rules are to the Missouri Court Rules (2007). All references to statutes are to RSMo (2000) unless otherwise specified.

victions on direct appeal. See *State v. Cole*, 148 S.W.3d 896 (Mo.App.2004). Thereafter, Cole filed a timely motion for post-conviction relief pursuant to Rule 29.15. Counsel was appointed to represent Cole, and an amended motion was filed. In the amended motion, Cole alleged, *inter alia*, that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence to support Cole's conviction for leaving the scene of an accident. After conducting an evidentiary hearing, the motion court denied this aspect of the amended motion. Cole contends this ruling was clearly erroneous. We affirm.

## I. Factual and Procedural Background

In December 2003, Cole was charged by amended information with first-degree domestic assault (Count I), armed criminal action (Count II), and leaving the scene of a motor vehicle accident (Count III). *See* §§ 565.072, 571.015, 577.060. First-degree domestic assault is either a class A or class B felony. § 565.072.2. After a jury trial, Cole was convicted of second-degree domestic assault, armed criminal action and leaving the scene of an accident. *See* §§ 565.073, 571.015, 577.060. Second-degree domestic assault is a class C felony. § 565.073.2. In accordance with the jury's recommendations, the trial court imposed the following sentences: (1) a seven-year prison term for committing the domestic assault; (2) a concurrent 10–year prison term for committing armed criminal action; and (3) a consecutive three-year prison term for leaving the accident scene.

Cole appealed his convictions and was represented by public defender Nancy McKerrow (McKerrow). *State v. Cole*, 148 S.W.3d 896, 897 (Mo.App.2004). As points of error, McKerrow contended that: (1) the trial court erred in failing to suppress an exhibit in violation of Cole's constitutional right not to incriminate himself; and (2) the evidence was insufficient to support Cole's conviction on the second-degree domestic assault charge. *Id.* at 899–900. This Court affirmed Cole's convictions. *Id.* at 902.

In January 2005, Cole filed his *pro se* motion for post-conviction relief. After appointment of counsel, an amended motion was filed in May 2005. Insofar as relevant here, Cole's amended motion alleged that trial and appellate counsel were both ineffective with respect to the charge of leaving the scene of a motor vehicle accident under Count III of the amended information:

> Trial counsel unreasonably failed to move to dismiss on Count III, leaving the scene of a motor vehicle accident, on the basis of the state's concession that no accident had occurred and on the basis that the state's evidence at trial did not support the proposition that an accident had occurred. Appellate counsel unreasonably failed to assert on appeal that insufficient evidence supported movant's conviction for Count III, based on the state's evidence and its concession.

The theory of Cole's motion was that he should not have been convicted of leaving the scene of a motor vehicle accident in violation of § 577.060 because: (1) the evidence at trial established that Cole had deliberately used his truck to ram the back of his estranged wife's car; and (2) the State had conceded this point by stating in opening statement and closing argument that Cole was trying to injure his spouse. To support this allegation, Cole stated that he would rely on the testimony of trial counsel David Back (Back) and appellate counsel McKerrow.

The motion court judge, who had also been the trial judge in the underlying

criminal case, conducted an evidentiary hearing on Cole's motion in December 2005 and May 2006. The only witnesses to testify were Cole and Back. Back testified that his trial strategy was to persuade the jury that the collision between Cole's truck and his wife's car was an accident, rather than a deliberate act. Back followed that strategy in order to convince the jury that Cole was not guilty of first-degree domestic assault, which carried a higher sentence than second-degree domestic assault and would have required Cole to serve 85% of his prison term before becoming eligible for parole. *See* § 558.019.3; § 556.061(8) RSMo Cum.Supp. (2003). Back's strategy appears to have been successful because the jury acquitted Cole of first-degree domestic assault. With respect to Cole's allegation that appellate counsel McKerrow was ineffective, the only evidence he presented was a copy of his appellant's brief. The only purpose for which this exhibit was offered and admitted was to show McKerrow did not argue on appeal that there was insufficient evidence to support Cole's conviction for leaving the scene of a motor vehicle accident. The motion court denied relief on this aspect of Cole's motion for the following reasons:

> The State in this case was contending that Movant had followed the victim, deliberately struck the vehicle in which the victim was riding with the intent to cause serious physical injury, and was therefore guilty of domestic assault in the first degree. In closing, the prosecutor argued to the jury that the incident was not an "accident", in the sense that it was inadvertent or unintended. It was the strategy of the defense, on the other hand, to argue that it was an "accident", an unintended event, in order to minimize Movant's vulnerability on Count I, first degree domestic assault. That Count was the primary focus of the defense at trial.... Further,

trial counsel's strategy was not to challenge the fact that a collision or "accident" had occurred, but rather that there was no substantive violation of the statute because Movant's identity was known to the victim and there was no need for him to stop to provide this information. As counsel explained at the evidentiary hearing, Count III actually reinforced the idea of an "accident" as opposed to an "assault"; to agree with the State's characterization that it was not an accident would have been counter-productive to their primary focus.

With respect to claims of ineffective assistance of counsel, there is a strong presumption that challenged actions constitute sound trial strategy, thereby rendering it reasonably skillful and diligent. When trial counsel reasonably decides as a matter of trial strategy or tactics to pursue one course in a criminal prosecution rather than another, such informed, strategic decisions are not ineffective assistance. In this case, the strategy succeeded in that Movant was convicted of second degree domestic assault. Movant has not established ineffective assistance of counsel on this point. The issue of whether or not an "accident" occurred in Count III, was a matter of fact for the jury to determine, regardless of any perceived "concession" by the State made in closing argument after the jury instructions had been read. Based on the record, there was sufficient evidence to support a conviction on Count III and appellate counsel was not ineffective for failing to raise a nonmeritorious point.

(Transcript references and citations omitted.) This appeal followed.

## II. Standard of Review

■ Our review of the denial of a Rule 29.15 motion is limited to determining

whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k); *Williams v. State,* 168 S.W.3d 433, 439 (Mo. banc 2005). The motion court's findings and conclusions are clearly erroneous "only, if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made." *State v. Ervin,* 835 S.W.2d 905, 928 (Mo. banc 1992); *Marschke v. State,* 185 S.W.3d 295, 302 (Mo.App.2006).

### III. Discussion and Decision

■ In Cole's sole point relied on, he contends the motion court clearly erred in overruling his Rule 29.15 motion for post-conviction relief because McKerrow provided ineffective assistance of counsel when she failed to argue on direct appeal that there was insufficient evidence to support Cole's conviction for leaving the scene of a motor vehicle accident. We disagree.

■ To establish ineffective assistance of counsel, Cole had to show that: (1) McKerrow's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) her poor performance prejudiced the defense. *State v. Hall,* 982 S.W.2d 675, 680 (Mo. banc 1998); *Bryan v. State,* 134 S.W.3d 795, 798–99 (Mo.App.2004). The standard for proving ineffective assistance of appellate counsel is a high one. *Middleton v. State,* 80 S.W.3d 799, 808 (Mo. banc 2002). "Counsel is presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment." *State v. Jones,* 979 S.W.2d 171, 180 (Mo. banc 1998). To support a Rule 29.15 motion alleging ineffective assistance of appellate counsel, Cole had to prove that McKerrow made a mistake that was prejudicial. See *State v. Brooks,* 916 S.W.2d 454, 456 (Mo.App.1996). To

prove that a mistake was made, strong grounds must exist showing that McKerrow failed to assert a claim of error that was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it. *Parham v. State,* 77 S.W.3d 104, 106 (Mo. App.2002). To prove prejudice, Cole had to show a reasonable probability that, but for McKerrow's unreasonable failure to raise the issue, Cole would have prevailed on his appeal. *Neely v. State,* 117 S.W.3d 731, 735 (Mo.App.2003).

■ "Allegations in a post-conviction motion are not self-proving." *Nunley v. State,* 56 S.W.3d 468, 470 (Mo.App.2001); *Baker v. State,* 180 S.W.3d 59, 64 (Mo.App. 2005). Hence, Cole bore the burden of proving by a preponderance of the evidence that McKerrow provided ineffective assistance of counsel on direct appeal. *See* Rule 29.15(i); *Marschke v. State,* 185 S.W.3d 295, 302 (Mo.App.2006). As Cole's appellate counsel, McKerrow was under no obligation to raise every possible issue contained in Cole's motion for new trial or assert a frivolous claim. *Storey v. State,* 175 S.W.3d 116, 148 (Mo. banc 2005); *Johnson v. State,* 189 S.W.3d 640, 647 (Mo. App.2006). Moreover, McKerrow was permitted to strategically winnow out non-frivolous issues in favor of other arguments. *Storey,* 175 S.W.3d at 148.

■ All Cole proved at the evidentiary hearing is that McKerrow failed to assert a possible point of error on direct appeal. Her decision is presumed to have resulted from the exercise of reasonable professional judgment. *Jones,* 979 S.W.2d at 180. The motion court was not presented with substantial evidence to rebut that presumption. *See Watson v. State,* 210 S.W.3d 434, 438 (Mo.App.2006). McKerrow did not testify, and Cole presented no other evidence that McKerrow's decision not to raise that particular issue on appeal

fell "outside the wide range of professionally competent assistance." *Beal v. State,* 209 S.W.3d 542, 545 (Mo.App.2006). Therefore, Cole abandoned this claim. "It is well-settled that a movant's failure to present evidence at a hearing to provide factual support for a claim in his or her post-conviction motion constitutes an abandonment of that claim." *Watson,* 210 S.W.3d at 438–39; *see State v. Nunley,* 980 S.W.2d 290, 293 (Mo. banc 1998); *State v. Brooks,* 916 S.W.2d 454, 456 (Mo.App. 1996); *State v. Crawford,* 914 S.W.2d 390, 393 (Mo.App.1996); *State v. White,* 913 S.W.2d 435, 438 (Mo.App.1996). "A hearing court is not clearly erroneous in refusing to grant relief on an issue which is not supported by evidence at the evidentiary hearing." *State v. Boone,* 869 S.W.2d 70, 78 (Mo.App.1993).

After reviewing the entire record, we do not have a definite and firm impression that a mistake was made. Therefore, the findings and conclusions of the motion court are not clearly erroneous. *See* Rule 29.15(k); *Williams v. State,* 168 S.W.3d 433, 439 (Mo. banc 2005). Accordingly, Cole's point on appeal is denied, and the motion court's order denying his Rule 29.15 motion is affirmed.

GARRISON and LYNCH, JJ., Concur.