Robin CROCKER, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 28311.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 31, 2008.

## ORDER

Matthew M. Ward, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., J. Pamela Rasmussen, Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Robin E. Crocker ("Movant") appeals the denial of her Rule 24.035[1] motion for post-conviction relief in the Circuit Court of Pemiscot County, Missouri. Movant sought to vacate her conviction of one count of assault in the first degree, in violation of section 566.050, for which Movant was sentenced to twenty years imprisonment. An evidentiary hearing was held on October 19, 2006; Movant's Rule 24.035 motion claiming ineffective assistance of counsel was denied on November 8, 2006. We affirm the ruling of the motion court.

Appellate review of a Rule 24.035 motion for post-conviction relief "is limited to determining whether the findings and conclusions of the motion court are clearly erroneous." *Cole v. State,* 223 S.W.3d 927, 930–31 (Mo.App. S.D.2007). In order to find the decision of the motion court clearly erroneous, after a review of the entire record, the appellate court must be left with a definite and firm impression that a mistake has been made. *Id.* at 931. Furthermore, there is a presumption that a motion court's findings of fact and conclusions of law are correct. *Wilson v. State,* 813 S.W.2d 833, 835 (Mo. banc 1991).

Movant's only point on appeal alleges ineffective assistance of counsel because counsel "failed to request a presentence investigation be performed before the formal sentence was handed down, which prejudiced [Movant] because such an investigation *could* have brought information concerning [Movant's] mental status or other mitigation to the attention of the sentencing court." (emphasis added). The motion court found:

Section 557.026.1 provides: "(w)hen a probation officer is available to any court, such probation officer shall, unless waived by the defendant, make a presentence investigation in all felony cases and report to the court before any authorized disposition under section 557.011." Movant had no constitutional or statutory right to a presentence investigation. *State v. Shafer,* 969 S.W.2d 719 (Mo. banc 1998), concurring opinion of Robertson, J. at 742. This court has the authority only to decide claims that are brought before it in timely pleadings setting out facts, not legal conclusions that, if true, would entitle the movant to relief. *Id.* at 738. Movant's pro se complaint about the lack of a presentence investigation does not sufficiently state a

1. All rule references are to Missouri Court Rules (2007), unless otherwise specified. All references to statutes are to RSMo 2000, unless otherwise specified.

claim; and there is no proof that she was prejudiced by the lack of a presentence investigation. Movant is not entitled to relief on this claim.

We agree. In Movant's amended motion for post-conviction relief, Movant simply stated that "[t]he Attorney, Tomm[ie] Allen, never recommended to the court to have a Pre–Sentence investigation done on said Movant." Movant never set forth facts that would have entitled her to relief. She simply claimed that her attorney never recommended to the court to have a pre-sentence investigation done on her, but she did not claim that she would not have plead guilty had she known that a pre-sentence report would be waived by her counsel, nor could she. At the plea hearing, the court asked:

> The Court: [Movant], do you understand the Prosecutor's recommendation of a 20–year sentence?
>
> [Movant]: Yes, sir.
>
> The Court: And, are you asking me to accept your plea of guilty [to] this Count III charge of assault in the first degree here today, *and to follow that recommendation?*
>
> [Movant]: Yes, sir.

(emphasis added).

Movant received the exact sentence that the plea agreement recommended and that she asked the court to accept. There was no reason for counsel to request the presentence report. The movant must plead facts which will support the conclusion that counsel's actions did not measure up to the customary skill and diligence of a reasonable attorney and a conclusion the movant was prejudiced. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Roberts v. State,* 232 S.W.3d 581, 583 (Mo.App. E.D.2007). To demonstrate prejudice, the facts alleged must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.

*Morrow v. State,* 21 S.W.3d 819, 823 (Mo. banc 2000). The motion court's finding was not clearly erroneous that Movant failed to plead a claim of ineffective assistance of counsel for failing to request a pre-sentence report.

Likewise, even if the complaint can be read to state that Movant would not have plead guilty without a pre-sentence investigation report, the motion court did not err in finding Movant failed to prove her allegation. There is virtually no evidence in the record Movant "could have brought information" concerning her mental status or other "mitigating information" in the report that would have affected the plea. Movant chose to plead to one charge with a twenty-year recommended sentence in exchange for the dismissal of five other charges by the prosecutor.

We find no error in the findings and conclusions of the trial court and the judgment is affirmed.

BARNEY, P.J., and BATES, J., concur.