James A. TOTEN, Appellant,

v.

STATE of Missouri, Respondent.

No. SD 28598.

Missouri Court of Appeals, Southern District, Division One.

Oct. 30, 2009.

Mark A. Grothoff, Columbia, for Appellant.

Chris Koster, Atty. Gen., Shaun J. Mackelprang, Jefferson City, for Respondent.

ROBERT S. BARNEY, Judge.

Appellant James Alvin Toten ("Movant") appeals the motion court's denial following an evidentiary hearing of his "Amended Motion to Vacate, Set Aside or Correct the Judgment or Sentence" filed pursuant to Rule 29.15.[1] In his sole point relied on, Movant asserts the motion court clearly erred in denying his request for postconviction relief in that his appellate counsel failed to raise in his direct appeal the claim that his defense counsel plainly erred by proceeding to "trial without a jury without ascertaining on the record that [Movant's] waiver was voluntarily and knowingly entered, as required by Rule 27.01." He argues that such a failure by his appellate counsel prejudiced him such that "had this issue been presented, a reasonable probability exists that the appellate court would have reversed [Movant's] convictions." We affirm the findings of fact and conclusions of law of the motion court.

On May 25, 2005, Movant was charged via "First Amended Information" with one count of the unclassified felony of rape by the use of forcible compulsion, a violation of section 566.030, and two counts of the unclassified felony of forcible sodomy, violations of section 566.060, for incidents which occurred in 2001 to 2002. The victim in the aforementioned crimes was J.T. ("Victim") and at the time of the abuse she was thirteen years old.[2] Movant was also charged as a prior offender under section 558.016, because in the late 1990's Movant was charged and convicted of molesting

---

1. All rule references are to Missouri Court Rules (2007) and all statutory references are to RSMo 2000.

2. Movant and Victim's mother were married in 1990 and Victim was born just prior to their marriage. Although Movant's name is on Victim's birth certificate, Movant is not her biological father.

and sodomizing the same Victim. *See* §§ 566.067 and 566.060.

A trial was held on May 26 and 27, 2005, and evidence was thereafter adduced. At the close of all the evidence the matter was taken under advisement by the trial court. On May 31, 2005, the trial court found Movant guilty of all three counts charged and on August 4, 2005, he was sentenced to concurrent sentences of life imprisonment on each count of the "First Amended Information." Movant appealed these convictions and they were affirmed on direct appeal to this Court in an unpublished opinion issued on June 26, 2006.[3] Movant then filed a *pro se* Rule 29.15 motion for postconviction relief on October 10, 2006. An amended Rule 29.15 motion was then filed by his appointed counsel on January 31, 2007.

An evidentiary hearing in this matter was held on December 5, 2007. At the evidentiary hearing, there was testimony given by Movant and his defense counsel as well as by two lawyers who testified as experts on issues relating to the ineffective assistance of counsel. Appellate Counsel did not testify at the motion hearing and there was no testimony relating to his representation of Movant. On January 8, 2009, the motion court entered its "Judgment and Findings of Facts and Conclusions of Law ..." in which it denied the relief requested by Movant. This appeal followed.

▪ Generally, appellate review of the denial of postconviction relief "is limited to a determination of whether the findings of fact and conclusions of law of the motion court are clearly erroneous." *Moss v. State,* 10 S.W.3d 508, 511 (Mo. banc 2000). "Findings and conclusions are clearly erro-

neous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Id.*

▪ The standard of review for a claim of ineffective assistance of appellate counsel is essentially the same as that employed for trial counsel, which is set forth in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Boyd v. State,* 86 S.W.3d 153, 159 (Mo.App.2002). Movant must show "both a breach of duty and resulting ..." prejudice due to his appellate counsel's poor performance. *Helmig v. State,* 42 S.W.3d 658, 682 (Mo.App.2001). The standard for proving ineffective assistance of appellate counsel is a high one. *Middleton v. State,* 80 S.W.3d 799, 808 (Mo. banc 2002). Accordingly, to prove prejudice, the movant must show a reasonable probability that, but for appellate counsel's unreasonable failure to raise the issue, the movant would have prevailed on appeal. *Neely,* 117 S.W.3d at 735. " 'Counsel is presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment.' " *Cole v. State,* 223 S.W.3d 927, 931 (Mo.App.2007) (quoting *State v. Jones,* 979 S.W.2d 171, 180 (Mo. banc 1998)).

The allegations in Movant's motion concerning Appellate Counsel fail to meet these standards. Here, Movant's amended motion for postconviction relief stated:

> Appellate [C]ounsel failed to exercise the skill and diligence customarily practiced in the area by failing to raise, based on plain error, the court's failure to hold a hearing on the record and discern as to whether [M]ovant know-

---

**3.** Movant was represented in his direct appeal by Craig A. Johnston of the Office of State Public Defender ("Appellate Counsel").

ingly and voluntarily waived his right to jury trial. The actions of counsel deprived [Movant] of his 5th, 6th and 14th Amendment rights to effective assistance of counsel, due process and jury trial and fell below the standard and customary practice of attorneys working in the field [of] criminal appeals. But for [A]ppellate [C]ounsel's failures, the appellate court would have reversed and remanded the case for new trial.

Yet, as we discern the record, during the motion hearing there was no further explanation as to how Appellate Counsel's representation fell below such standards and there was no testimony or evidence on this issue presented at the evidentiary hearing on this motion. In fact, there was not a single reference to Appellate Counsel made at the evidentiary hearing.

 It has long been held that " '[a]llegations in a [postconviction] motion are not self-proving,' " and, as already stated, the burden is upon Movant to prove he was provided ineffective assistance of counsel on his direct appeal. *Cole,* 223 S.W.3d at 931 (quoting *Nunley v. State,* 56 S.W.3d 468, 470 (Mo.App.2001)). Here, the only issue asserted by Movant in his amended motion is that Appellate Counsel "failed to assert a possible point of error on direct appeal. H[is] decision is presumed to have resulted from the exercise of reasonable professional judgment."[4] *Cole,* 223 S.W.3d at 931. Further, the "motion court was not presented with substantial evidence to rebut that presumption. [Appellate Counsel] did not testify [at the evidentiary hearing], and [Movant] presented no other evidence that [Appellate Counsel's] decision not to raise that particular issue on appeal fell 'outside

the wide range of professionally competent assistance.' " *Id.* at 931–32 (quoting *Beal v. State,* 209 S.W.3d 542, 545 (Mo.App. 2006)) (internal citation omitted). Movant can be considered to have abandoned this claim. " 'It is well-settled that a movant's failure to present evidence at a hearing to provide factual support for a claim in his [postconviction] motion constitutes an abandonment of that claim.' " *Cole,* 223 S.W.3d at 932 (quoting *Watson v. State,* 210 S.W.3d 434, 438–39 (Mo.App.2006)). " 'A hearing court is not clearly erroneous in refusing to grant relief on an issue which is not supported by evidence at the evidentiary hearing.' " *Cole,* 223 S.W.3d at 932 (quoting *State v. Boone,* 869 S.W.2d 70, 78 (Mo.App.1993)).

 We determine, in either event, that Movant's contentions are refuted by the record. Movant has suffered no prejudice. The matter " 'turns on whether there are facts in the record that demonstrate that [Movant's] waiver was knowing, voluntary and intelligent.' " *State v. Britt,* 286 S.W.3d 859, 861 (Mo.App.2009) (quoting *State v. Baxter,* 204 S.W.3d 650, 654 (Mo. banc 2006)). Rule 27.01(b), provides:

> [t]he defendant may, with the assent of the court, waive a trial by jury and submit the trial of any criminal case to the court, whose findings shall have the force and effect of the verdict of a jury. In felony cases such waiver by the defendant shall be made in open court and entered of record.

" 'Under the constitution and Rule 27.01(b) the waiver must appear in the record with unmistakable clarity.' " *Britt,* 286 S.W.3d at 861 (quoting *Baxter,* 204 S.W.3d at 653). However, Rule 27.01(b) merely requires

---

4. It is clear that appellate counsel is never obligated to raise "every possible issue contained in [a] motion for new trial or assert a frivolous claim. Moreover, [counsel in direct appeals is] permitted to strategically winnow out non-frivolous issues in favor of other arguments." *Cole,* 223 S.W.3d at 931.

that a waiver be made in open court. *See Baxter*, 204 S.W.3d at 653.

Here, Movant signed a written waiver that indicated he waived his right to trial by jury. His written waiver entitled, "Defendant's Waiver of Trial by Jury" stated:

I, [Movant], the Defendant in the above cause, understand that I have a right to a trial by a jury of my peers, consisting of twelve fair and impartial persons from the community who, acting unanimously, would determine my guilt or non-guilt of the offense charged (and fix any punishments to be imposed). I hereby waive my right to trial by jury and consent to the trial of this cause by this court, whose findings shall have the force and effect of the verdict of the jury, pursuant to Article I, Section 22(a) of the Constitution of Missouri.

This form was signed by both Movant and his defense counsel.

Furthermore, prior to trial, the following colloquy occurred in relation to Movant's decision to waive his right to a trial by jury:

THE STATE: I just wanted to make note here. Originally we believed this case was going to be a jury trial.... And since they've agreed—the defense has agreed or requested to waive a trial by jury.... I just want to note that for the record.

THE COURT: Perhaps we should talk about that for a second. At one point this case was set I believe back in February for trial before a jury. And I believe you and your client, after discussing the matter, agreed to waive a jury trial; is that correct?

DEFENSE COUNSEL: That is correct, Judge.

THE COURT: All right. And any questions about that from your client or anything?

DEFENSE COUNSEL: No, Judge. We've discussed it in great detail before waiving and even the fact as to our reason for doing that.

THE COURT: Okay. All right. Okay.

■■■ While the trial court did not directly examine Movant about his written waiver,[5] it did ask Movant's defense counsel, in Movant's presence, if he had discussed the matter with Movant and defense counsel stated that they had discussed the waiver in great detail, including the reasons for doing so. Furthermore, at that point in the proceedings Movant said nothing to contradict his defense counsel's responses nor did he demand to go to a jury trial. *Britt*, 286 S.W.3d at 862–63. Lastly, at his sentencing hearing Movant expressed no dissatisfaction as to his defense counsel's performance, particularly on the basis that he had not wanted to waive his right to a trial by jury. *See Baxter*, 204 S.W.3d at 654. "The record here has enough clarity and it is unmistakable." *Id.* at 655. The mere fact that an on-the-record exchange did not take place in this case between the trial court and Movant "does not mean that plain error occurred. Nor is there manifest injustice." *Baxter*, 204 S.W.3d at 655. The motion court did not err in denying Movant's request for post-conviction relief under Rule 29.15. Point denied. The findings of fact and conclu-

---

**5.** "It is recommended that the trial court question the defendant directly." *Britt*, 286 S.W.3d at 862 n. 2.; *see also Baxter*, 204 S.W.3d at 655 (holding that "[t]he best practice for a trial court is to question the defen- dant personally, on the record, to ensure that the defendant understands the right, understands what is lost in the waiver, has discussed the issue with defense counsel, and voluntarily intends to waive the right").

sions of law of the motion court are affirmed.

BATES, P.J., and BURRELL, J., concur.