

# In the Missouri Court of Appeals
# Eastern District
## DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED112231 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | 18SL-CR08666-01 |
| | ) | |
| KORRIE D. BLACK, JR., | ) | Honorable David L. Vincent, III |
| | ) | |
| Appellant. | ) | Filed: April 22, 2025 |

Before Lisa P. Page, P.J., Rebeca Navarro-McKelvey, J., and Virginia W. Lay, J.

Korrie Black, Jr. (Black) appeals from the trial court's judgment entered upon a jury's verdict convicting him of second-degree murder and armed criminal action. We affirm.

## BACKGROUND

Black and Victim were good friends. Black borrowed Victim's gun to use at a shooting range and when Victim sought the gun's return, Black said he no longer had it. Following a series of argumentative text exchanges and interactions, Victim and his sister (Sister) arrived at the residence where Black was staying with his girlfriend (Girlfriend) and her mother. Victim knocked on the door and Girlfriend answered and said Black was not there but was on his way back. Victim and Sister waited for Black to return. When Black parked his vehicle, Victim approached him and "started getting in [Black's] face" and yelling. Black and his two friends got out of the car and walked to the house. As Black went inside the door, Victim grabbed the screen door and threw it open. Black retrieved the gun from his friend and came outside. Victim

said "use it, shoot me," and according to Black, tried to reach for the gun. Black took two steps back and fired two shots into Victim's torso. Victim died from the gunshot wounds.

Black was initially charged with first-degree murder and armed criminal action. Following trial, a jury found him guilty of the lesser-included offense of second-degree murder and armed criminal action. He was sentenced to concurrent prison terms of twenty-four years and three years, respectively. This appeal follows.

## DISCUSSION

In his sole point on appeal, Black argues the court plainly erred in failing to *sua sponte* submit an instruction to the jury regarding the justified use of force under the castle doctrine, codified under Section 563.031 RSMo (2016).[1]

### Standard of Review

Black concedes his point on appeal is not preserved for appellate review because he did not object to the instructions given to the jury, nor did he request an instruction on the justified use of force under the castle doctrine be given at trial. However, he requests we exercise our discretion to review the claim for plain error. While generally we do not review unpreserved claims of error, Rule 30.20[2] creates an exception to this rule and gives us discretion to review plain errors affecting substantial rights if we find the alleged errors resulted in a manifest injustice or miscarriage of justice. *State v. Brandolese*, 601 S.W.3d 519, 525 (Mo. banc 2020); Rule 30.20.

Plain error review is a two-step inquiry. *State v. Hill*, 697 S.W.3d 885, 888 (Mo. App. E.D. 2024) (internal citations omitted). First, we assess whether there was evident, obvious, and clear error affecting substantial rights. *Id*. Second, we determine whether that error resulted in a

---

[1] All further statutory references are to RSMo (2016).
[2] All references to Rules are to Missouri Supreme Court Rules (2023).

manifest injustice or miscarriage of justice. *Id.* "Manifest injustice must be established in connection to the particular facts and circumstances of the case." *State v. Jones*, 686 S.W.3d 293, 301 (Mo. App. E.D. 2024) (citing *State v. Baxter*, 204 S.W.3d 650, 652 (Mo. banc 2006)). In reviewing a question of whether the trial court erred in refusing to instruct the jury, we view the evidence in the light most favorable to the defendant. *Hill*, 697 S.W.3d at 888 (internal quotations omitted). Instructional error rises to the level of plain error only where it is clear the trial court's failure to instruct the jury affected the verdict. *Jones*, 686 S.W.3d at 301 (citing *State v. Celis-Garcia*, 344 S.W.3d 150, 154 (Mo. banc 2011)).

*Analysis*

Section 563.031.1 allows for a general statutory right to self-defense. The statute also codifies what is commonly known as the castle doctrine. Section 563.031.2. Under the statute, a person is justified in using deadly force if:

> (2)     Such force is used against a person who unlawfully enters, remains after unlawfully entering, or attempts to unlawfully enter a dwelling, residence, or vehicle lawfully occupied by such person; or
>
> (3)     Such force is used against a person who unlawfully enters, remains after unlawfully entering, or attempts to unlawfully enter private property that is owned or leased by an individual, or is occupied by an individual who has been given specific authority by the property owner to occupy the property, claiming a justification of using protective force under this section.

Section 563.031.2.

As the State notes in its response to Black's argument on appeal, it is unclear under which subsection he contends the castle doctrine instruction should have been given. It is clear from the evidence, even when viewed in the light most favorable to Black, that Victim never entered the residence, but only pulled the outer screen door open when Black went inside. Thus, the sole basis for a castle doctrine instruction here would be Victim's unlawful entry or decision

3

to remain after unlawfully entering the private property upon which Black had authority to occupy.

In order to be entitled to an instruction regarding his justified use of force under this doctrine, Black must show there was substantial evidence that he reasonably believed physical force was necessary to defend himself from what he reasonably believed to be the imminent use of unlawful force by Victim and that Victim either unlawfully entered or remained after entering unlawfully on private property. *See State v. Straughter*, 643 S.W.3d 317, 322 (Mo. banc 2022). Assuming without deciding Black's testimony that he believed Victim was reaching for the gun, and Black was scared is sufficient to establish the first element, we next turn to whether there was substantial evidence that Victim entered or remained after entering the property unlawfully.

Black testified at trial that he was living at the residence with Girlfriend and her mother. He did not invite Victim to the property that day, and he specifically told Victim to leave. However, the evidence established Black and Victim were very good friends. Black himself said Victim was his "best friend," his "brother." They celebrated Thanksgiving together days prior to the shooting, even in light of their ongoing dispute over the gun's return.

Moreover, although Black testified he was living at the residence with Girlfriend and her mother at the time of the shooting, and therefore, he had the authority to be present on the property; he acknowledged other people lived there and he did not know if they allowed Victim to be present on the property. In fact, Victim and Sister knocked on the front door of the residence and Girlfriend answered. She did not tell them to leave, but instead advised that Black was not home at the time but would be returning. According to Sister, she and Victim then waited on the property for Black. There was no evidence that Girlfriend, who also lived there, asked them to leave at any time prior to Black's return.

4

Instead, the evidence showed Victim was seeking the return of his personal property from Black, his good friend, with whom he spent a holiday just days before. Victim knocked on the front door, spoke to a resident of the property, who did not ask him to leave, and waited for Black's return. Black's argument regarding Victim's decision to remain on the property once they began arguing seeks to transform the broader authorization of the use of force under the castle doctrine against intruders into an authorization for the use of force against guests due to arguments or altercations that may later occur, which we will not do. *See Sanders v. State*, 652 S.W.3d 258, 270 (Mo. App. W.D. 2022).

Here, the record shows Black failed to inject substantial evidence to warrant the trial court's decision to *sua sponte* instruct the jury on the castle doctrine. Instead, when viewed in the light most favorable to Black, the substantial evidence of their altercation at the front door of the property in which Black believed Victim was reaching for the gun merely establishes Black's right to a general self-defense instruction, which was given and rejected by the jury. *See* Section 563.031.1; *Straughter*, 643 S.W.3d 317, 321 (general statutory right to self-defense gives person the right to use physical force upon another when he reasonably believes necessary to defend himself from what he reasonably believes to be use or imminent use of unlawful force by the other person).

As a result of the foregoing, the trial court did not plainly err in failing to *sua sponte* instruct the jury on the castle doctrine. Black's point on appeal is denied.

**CONCLUSION**

The judgment of the trial court is affirmed.

_____
Lisa P. Page, Presiding Judge

Rebeca Navarro-McKelvey, J., and
Virginia W. Lay, J., concur.

5