

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STENA HINKLE, | ) | |
| | ) | |
| Appellant, | ) | WD76952 |
| | ) | |
| vs. | ) | Opinion filed: July 8, 2014 |
| | ) | |
| A.B. DICK COMPANY, | ) | |
| | ) | |
| Respondent. | ) | |

## APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

Before Division Two: Victor C. Howard, Presiding Judge,
Alok Ahuja, Judge and Gary D. Witt, Judge

Stena Hinkle appeals from the Labor and Industrial Relations Commission's order denying a joint motion to settle and commute her weekly death benefits award into a lump sum. The order is reversed, and the case is remanded with directions.

**Factual Background**

On May 17, 2004, Mrs. Hinkle's husband, David Hinkle, died in an automobile accident while making a service call within the course and scope of his employment as a printing press service technician with A.B. Dick Co. After her husband's death, Mrs. Hinkle filed a claim for compensation. In March 2007, based on stipulated facts, the ALJ approved payments by the employer/insurer to Mrs. Hinkle of $437.90 in medical expenses and a statutory burial allowance

of $5000. In addition, the ALJ awarded Mrs. Hinkle weekly death benefits of $478.08 to continue until her remarriage or death and subject to modification and review by the Commission.

In the ensuing years, Mrs. Hinkle did not remarry. In September 2013, she and employer/insurer voluntarily entered into and filed with the Commission a Stipulation for Voluntary Settlement and Agreement to Commute Award and a Joint Motion for Approval of Stipulation and Agreement to Commute Award whereby the parties agreed, subject to approval of the Commission, that employer/insurer shall pay Mrs. Hinkle a one-time lump sum of $200,000 as full and final settlement and commutation of the March 2007 award. The Stipulation and Joint Motion further provided that Mrs. Hinkle had entered into an attorney's fee agreement with Joseph K. Lewis for legal representation in the matter, which provides for payment of a 25% contingency attorney's fee from all sums paid, and requested the approval of the payment of such fee. The parties acknowledged that they were voluntarily accepting the terms of the settlement and agreed that the Stipulation was not the result of undue influence or fraud and that Mrs. Hinkle had been fully advised by her attorney and fully understood her rights and benefits and the consequences of the settlement.

The Commission entered its order denying approval of the Joint Motion. It determined that it could not approve the settlement under section 287.390, RSMo Cum. Supp. 2013. Section 287.390.1 governs compromise settlements under the Workers' Compensation Act. It provides:

> Parties to claims hereunder may enter into voluntary agreements in settlement thereof, but no agreement by an employee or his or her dependents to waive his or her rights under this chapter shall be valid, nor shall any agreement of settlement or compromise of any dispute or claim for compensation under this chapter be valid until approved by an administrative law judge or the commission, nor shall an administrative law judge or the commission approve any settlement which is not in accordance with the rights of the parties as given in this chapter. No such agreement shall be valid unless made after seven days from the date of the injury

2

or death.  An administrative law judge, or the commission, shall approve a settlement agreement as valid and enforceable as long as the settlement is not the result of undue influence or fraud, the employee fully understands his or her rights and benefits, and voluntarily agrees to accept the terms of the agreement.

§ 287.390.1.  The Commission reasoned (1) the settlement between the parties was not reached to resolve any pending claim or dispute between the parties, (2) under the settlement, Mrs. Hinkle would waive her rights under Chapter 287 because she would only receive 49% of the present value of the death benefits awarded, and (3) the settlement that proposes employer pay only 49% of the present value of the death benefits award was not in accordance with Mrs. Hinkle's rights under Chapter 287.  The Commission further found that it could not approve the settlement under section 287.530, RSMo 2000.  Section 287.530 governing commuting compensation provides:

1. The compensation provided in this chapter may be commuted by the division or the commission and redeemed by the payment in whole or in part, by the employer, of a lump sum which shall be fixed by the division or the commission, which shall be equal to the commutable value of the future installments which may be due under this chapter, taking account of life contingencies, the payment to be commuted at its present value upon application of either party, with due notice to the other, if it appears that the commutation will be for the best interests of the employee or the dependents of the deceased employee, or that it will avoid undue expense or undue hardship to either party, or that the employee or dependent has removed or is about to remove from the United States or that the employer has sold or otherwise disposed of the greater part of his business or assets.

2. In determining whether the commutation asked for will be for the best interest of the employee or the dependents of the deceased employee, or so that it will avoid undue expense or undue hardship to either party, the division or the commission will constantly bear in mind that it is the intention of this chapter that the compensation payments are in lieu of wages and are to be received by the injured employee or his dependents in the same manner in which wages are ordinarily paid.  Therefore, commutation is a departure from the normal method of payment and is to be allowed only when it clearly appears that some unusual circumstances warrant such a departure.

§ 287.530.  The Commission reasoned that the proposed lump sum of $200,000 did not equal the

3

present value of the death benefit installments due under the award and the parties did not allege and show unusual circumstances warranting departure from the normal method of payment. This appeal by Mrs. Hinkle followed.

## Standard of Review

The Commission's decision must be affirmed unless it is not authorized by law or supported by competent and substantial evidence on the whole record. MO. CONST. art. V, § 18. The appellate court shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award only if: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. §287.495.1, RSMo 2000. The appellate court is not bound by the Commission's interpretation or application of the law; therefore, no deference is afforded its interpretation of a statute. *Nance v. Maxon Elec., Inc.*, 395 S.W.3d 527, 532 (Mo. App. W.D. 2012).

## Points on Appeal

In her three points on appeal, Mrs. Hinkle argues that the Commission misinterpreted and misapplied the law and exceeded its authority under section 287.390.1 in denying approval of the Joint Motion. She contends that the Commission was required to approve the settlement under section 287.390.1 because the settlement met the requirements under the statute.

This court is bound by the doctrine of stare decisis. "The doctrine of stare decisis directs that, once a court has laid down a principle of law applicable to a certain state of facts, it must adhere to that principle, and apply it to all future cases, where facts are substantially the same; regardless of whether the parties and property are the same." *Rothwell v. Dir. of Revenue,* 419

4

S.W.3d 200, 206 (Mo. App. W.D. 2013)(internal quotes and citations omitted). Under the doctrine, "a court follows earlier judicial decisions when the same point arises again in litigation and where the same or analogous issue was decided in an earlier case, such case stands as authoritative precedent unless and until it is overruled." *Id.* (internal quotes and citation omitted).

The recent case, *Nance v. Maxon Electric, Inc.*, 395 S.W.3d 527 (Mo. App. W.D. 2012)(*Nance I*), controls here. In *Nance I*, the Commission refused to approve a joint agreement to commute claimant's permanent total disability payments into a lump sum award. *Id.* at 530. This court determined that section 287.530 granted the Commission authority to commute future payments into a lump-sum amount, even if the application came after the award was final, and that section 287.390 granted the parties the ability to reach an agreement to compromise or settle such dispute subject to approval of the Commission. *Id.* at 536. It found that section 287.530 established the method in a contested case for the Commission to determine the "commutable value" of future payments and the considerations that the Commission must apply in determining whether to grant or deny a request for commutation but where the parties reached a settlement as to such disputed issues, the Commission was to review the agreement under section 287.390. *Id.* at 536-37. This court rejected the employer's argument that the Commission lacked authority to commute the payments for a lump sum that is either more or less than the present value of the future payments explaining that the parties agreed and stipulated to the present value of the claimant's future benefits award. *Id.* at 537. It further found that section 287.390 mandated that the Commission approve the voluntary settlement between the claimant and employer absent a showing that the settlement violated the rights of any party or the settlement was the result of

5

undue influence or fraud and where the claimant understood his rights and benefits and voluntarily agreed to accept the terms of the agreement. *Id.* at 534, 538.

As in *Nance I*, Mrs. Hinkle and employer/insurer entered into a voluntary agreement to commute her death benefits award into a one-time lump sum. The parties agreed and stipulated to a lump-sum amount of $200,000. The parties further agreed that the settlement was not the result of undue influence or fraud and that Mrs. Hinkle understood her rights and benefits and the consequences of the settlement and voluntarily accepted the terms of the agreement. *Nance I* required that the Commission approve the settlement under section 287.390.1. The Commission erred as a matter of law in not approving the settlement.

The order of the Commission is reversed, and the case is remanded to the Commission for its approval of the settlement agreement in this case.

_____
VICTOR C. HOWARD, JUDGE

All concur.

6