

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff-Respondent,　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　No. SD38126
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　Filed: **December 5, 2024**
BENJAMIN ALLEN BODINE,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Defendant-Appellant.　　)

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable J. Ronald Carrier, Judge

**AFFIRMED**

Benjamin Allen Bodine ("Defendant") appeals his convictions for one count of enticement of a child under §566.151 and two counts of first-degree statutory sodomy under §556.062.[1] In his sole point on appeal, Defendant contends that the trial court plainly erred by sending a video of a juvenile witness interview conducted by the Child Advocacy Center ("CAC") to the jury during its deliberation. Because we decline to exercise plain error review, the judgment is affirmed.

---

[1] Unless otherwise indicated, all statutory references are to RSMo 2016 as amended through 2016, 2017, and 2018, the dates of the alleged crimes.

1

**Facts and Procedural History**

Defendant was the stepfather to the victim, K.L., who was subject to three incidents of alleged sexual abuse occurring sometime in 2016, 2017, and 2018. On May 15, 2020, a forensic interviewer at the CAC conducted a video-recorded interview with K.L., who was nine years old at the time, discussing Defendant's conduct.

K.L.'s mother ("Mother") initially told police that she did not participate in or witness any sexual abuse by Defendant toward K.L. However, Mother later stated to police that, on one occasion, she entered the bedroom and witnessed K.L.'s hand on Defendant's penis, and Defendant ejaculated.

At trial, Mother told the jury that her statements to the police were untrue and were the result of a "dream." K.L. testified about the abuse committed by Defendant, and the State offered the CAC interview into evidence under §491.075.[2] In his testimony, Defendant denied all allegations of abuse.

---

[2] Section 491.075 states, in relevant part,

> A statement made by a child under the age of fourteen, or a vulnerable person, relating to an offense under chapter 565, 566, 568 or 573, performed by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:
>
> (1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
>
> (2)(a) The child or vulnerable person testifies at the proceedings; or
>
> (b) The child or vulnerable person is unavailable as a witness; or
>
> (c) The child or vulnerable person is otherwise physically available as a witness but the court finds that the significant emotional or psychological trauma which would result from testifying in the personal presence of the defendant makes the child or vulnerable person unavailable as a witness at the time of the criminal proceeding.

During deliberations, the jury asked to re-watch the CAC interview. Defense counsel objected, arguing that the video was "actually testimony[,]" but the objection was overruled and the video was provided to the jury.

The jury found Defendant guilty on all counts. Defendant did not raise any objection to providing the CAC interview to the jury in his motion for new trial. This appeal followed.

**Standard of Review**

Defendant acknowledges that he failed to preserve his claim of error by failing to raise the issue in his motion for new trial. Defendant, therefore, requests plain error review. "Rule 30.20 is the exclusive means by which an appellant can seek review of any unpreserved claim of error, and said claim - no matter if it is statutory, constitutional, structural, or of some other origin - is evaluated by this Court's plain error framework without exception." *State v. Brandolese*, 601 S.W.3d 519, 530 (Mo. banc 2020) (emphasis omitted). Plain error review is discretionary under Rule 30.20.[3] *State v. Perkins*, 640 S.W.3d 498, 501 (Mo. App. S.D. 2022). Plain error review is a two-step process:

> The first step requires a determination of whether the claim of error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. All prejudicial error, however, is not plain error, and plain errors are those which are evident, obvious, and clear. If plain error is found, the court then must proceed to the second step and determine whether the claimed error resulted in manifest injustice or a miscarriage of justice.

*State v. Minor*, 648 S.W.3d 721, 731 (Mo. banc 2022) (quoting *Grado v. State*, 559 S.W.3d 888, 899-900 (Mo. banc 2018)). "[T]he appellant must show 'the error was outcome determinative.'" *State v. Wood*, 580 S.W.3d 566, 579 (Mo. banc 2019) (quoting *State v. Baxter*, 204 S.W.3d 650, 652 (Mo. banc 2006)).

---

[3] Unless otherwise noted, all rule references are to Missouri Court Rules (2023).

**Analysis**

In his only point relied on, Defendant argues that the trial court committed plain error by sending the CAC interview to the jury during deliberations. Defendant's claim of error, however, does not facially establish substantial grounds for believing that a manifest injustice or miscarriage of justice resulted. Although Defendant is correct that exhibits that are "testimonial in nature" cannot be given to the jury during deliberations, *State v. Evans*, 639 S.W.2d 792, 795 (Mo. banc 1982), Missouri courts have consistently held that forensic interviews do not fall under this prohibition. *State v. Parker*, 208 S.W.3d 331, 339 (Mo. App. S.D. 2006); *see also State v. Partain*, 310 S.W.3d 765, 769 (Mo. App. E.D. 2010), and *State v. Ragland*, 494 S.W.3d 613, 628 (Mo. App. E.D. 2016). In *Parker*, for example, this Court held that there was no error in allowing the jury to view a CAC interview during deliberations from a child witness who also testified at trial. *Id.* at 338; *see also Ragland*, 494 S.W.3d at 628 (holding that CAC interviews of persons who testify at trial are "not testimonial in nature" and, as a result, "the trial court committed no error, plain or otherwise, in allowing the jury access to the videos during deliberations."). Defendant acknowledges these precedents, but argues that they are wrongly decided.

It is difficult to discern how Defendant's argument that established precedent should be reconsidered is an appropriate topic for "plain error" review. Defendant does not explain, and we do not see, how the trial court committed an "evident, obvious and clear" legal error when the Defendant concedes that the trial court followed established precedent that is fatal to his claim, let alone how that alleged error establishes substantial grounds for believing that a manifest injustice or miscarriage of justice occurred.

As an intermediate court of appeals, we are bound by the doctrine of *stare decisis*. "The doctrine of *stare decisis* directs that, once a court has 'laid down a principle of law applicable to a

4

certain state of facts, it [must] adhere to that principle, and apply it to all future cases, where facts are substantially the same.'" ***Hinkle v. A.B. Dick Co.,*** 435 S.W.3d 685, 688 (Mo. App. W.D. 2014) (quoting ***Rothwell v. Dir. of Revenue,*** 419 S.W.3d 200, 206 (Mo. App. W.D. 2013)). If these precedents require reexamination, the issue should be properly preserved and addressed by the Supreme Court of Missouri. Defendant's Point is denied.

## Conclusion

The judgment of the trial court is affirmed.


MATTHEW P. HAMNER, J. – OPINION AUTHOR
JENNIFER R. GROWCOCK, C.J. – CONCURS
JEFFREY W. BATES, J. – CONCURS